# EXHIBIT 5





This electronic mail message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive this message for the intended addressee), you may not use, copy, or disclose to anyone this message or any information contained in this message (including any & all attachments). If you have received this electronic mail message in error, please advise the sender by reply and delete the message. *Thank you.*

This [email] does not constitute an offer to sell or a solicitation of an offer to buy securities in any jurisdiction where, or to any person to whom, it is unlawful to make such offer or solicitation in such jurisdiction. This [email] is not, and under no circumstances is to be construed as, a prospectus or an advertisement for a public offering of securities. The securities have not been and will not be registered under the Securities Act or any applicable state or foreign securities laws, nor has the Securities and Exchange Commission or any state or foreign regulatory approved this offering or any related prospectus. The securities are speculative and involve a high degree of risk. Prospective investors are urged to read the Confidential Offering Memorandum, dated June 26, 2015, a copy of which is attached hereto, including without limitation the section entitled "Risk Factors." Such Confidential Offering Memorandum does not purport to be all-inclusive or to contain all the information that a prospective investor may desire, and each prospective investor must conduct and rely on its own evaluation of the terms of the offering in making an investment decision. Only "accredited investors" that submit evidence of their status as accredited investors will be eligible to purchase the securities. The Company reserves the right to reject any offer to purchase the securities.

**From:** Mike Marcotte [mailto:mike@marcottefamily.net]
**Sent:** Friday, October 23, 2015 8:32 PM
**To:** Jennifer Jennings <jennifer.jennings@zoho.com>; Donovan Knowles <dknowles@woodbridgeinvestments.com>
**Subject:** Texas Regulator Calls Out 3 Businesses For Securities Fraud - Law360

Hi guys,

What does Bob, et al, have to say about this (see below)?

Please advise.

Mike

http://www.law360.com/articles/682361/texas-regulator-calls-out-3-businesses-for-securities-fraud

# Texas Regulator Calls Out 3 Businesses For Securities Fraud

By **Jess Davis**

Law360, Dallas (July 22, 2015, 8:34 PM ET) -- The Texas Securities Commissioner has entered an emergency cease-and-desist order against three Texas and California businesses for selling unregistered securities backed by real estate loans and not disclosing their history of state and federal regulatory sanctions, the state regulator announced Wednesday.
The commissioner on July 17 ordered Woodbridge Mortgage Investment Fund 3 LLC and executive Robert Shapiro, Old Security Financial Group Inc. and executives Donald MacKenzie and Robert "Lute" Davis, and BP Financial & Tax Design Group and executive Brett Pittsenbargar, to cease and desist from selling unregistered securities or engaging in fraud.

According to the order, Woodbridge didn't disclose the facts about its mortgage note investment program to investors and hid its previous sanction from a Massachusetts securities regulator, and Old Security and BP misled investors about the safety of the Woodbridge investments they sold and didn't disclose previous disciplinary history.

"The individuals and entities named in the order are not disclosing the financial risks of transactions involving the funding of commercial loans secured by real property," the Texas State Securities Board said in a release.

The Texas State Securities Board determined that Woodbridge intentionally failed to disclose the identities and qualifications of the principals of the company, didn't disclose the assets and liabilities relevant to the company's ability to pay investors monthly returns and repay their principal investment, didn't disclose the anticipated use of funds nor allocation of costs associated with the commercial mortgage note program and didn't disclose that it would pool investor

funds until raising enough to fund a commercial loan.

According to the order, Woodbridge and Shapiro also didn't disclose the investments wouldn't be secured or collateralized until or unless the entire commercial loan could be funded, disclose risks that exist before the collateralization of the investment nor disclose its previous sanction for selling unregistered securities.

The Massachusetts Securities Division in May reached a settlement with three Woodbridge funds, including the Fund 3 cited in the Texas order, under which Woodbridge admitted selling secure bridge loans not registered as securities in the state or federally registered. Woodbridge also admitted paying more than $336,000 in referral fees to companies that brought investors to Woodbridge, without written contracts.

The Woodbridge funds didn't admit nor deny Massachusetts' allegation that it violated securities law by selling unregistered securities, but paid a $250,000 civil penalty, offered investors rescission and was ordered to permanently cease and desist selling unregistered or non-exempt securities in the state, according to a consent decree entered in the Massachusetts matter.

Woodbridge investors entered a one-year agreement in which they're paid a fixed return each month and Woodbridge pools investor funds to buy commercial loans secured by real estate, but Woodbridge obliged itself to pay investors monthly interest that was in no way contingent upon its receipt of payments from the commercial borrower for the loan in question, according to the order.

MacKenzie and Davis, salesmen of the Woodbridge note program and the top executives of Old Security, allegedly "cast a wide net for potential investors" through generalized advertising and their website, but are not taking reasonable steps to verify purchasers are accredited investors as is required under the Securities Act of 1933 when issuers engage in general solicitation when selling covered securities, according to the order.

According to the order, MacKenzie has a record of state and federal regulatory sanctions going back to 2001, when he and Old Security were sued by the U.S. Securities and Exchange Commission over commissions he received for the sale of unregistered securities in Alpha Telecom Inc., which sold investments in pay-phone contracts. A U.S. District Court in Oregon appointed a receiver to take control of Alpha Telecom and in 2005, the court entered a judgment requiring hundreds of sales agents to disgorge their commissions. Old Security, which at the time was doing business as Liberty Estate Services Inc., was ordered to disgorge $78,677 to the receiver.

In 2008, a U.S. District Court in Atlanta found that MacKenzie and Old Security acted as an unregistered broker-dealer in selling unregistered securities issued by Mobile Billboards of America Inc. The court entered a judgment against MacKenzie that ordered disgorgement of $153,500. According to a suit filed by the SEC in 2004, Mobile Billboards fraudulently sold at least $60 million in investments to more than 700 investors nationwide.

The Texas Commissioner of Insurance in 2012 entered a Consent Order against McKenzie that required him to pay a penalty of $20,000 for engaging in the business of life settlement transactions without being licensed to do so.

The Texas regulator said Old Security, MacKenzie, Davis, BP Financial and Pittsenbargar are "stating that investments in the note program are safe and secure, which is materially misleading or otherwise likely to deceive the public." The order says the sellers didn't adequately disclose risks to investors and misrepresented their own background and previous federal sanctions.

The Woodbridge, Old Security and BP Financial parties could not immediately be reached for comment Wednesday.

--Editing by Patricia K. Cole.