# EXHIBIT C

**COMMONWEALTH OF MASSACHUSETTS**
**OFFICE OF THE SECRETARY OF THE COMMONWEALTH**
**SECURITIES DIVISION**
**ONE ASHBURTON PLACE, 17th FLOOR**
**BOSTON, MASSACHUSETTS 02108**

| | |
|---|---|
| IN THE MATTER OF:<br><br>WOODBRIDGE MORTGAGE INVESTMENT FUND 1, LLC,<br>WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC, AND<br>WOODBRIDGE MORTGAGE INVESTMENT FUND 3, LLC. | )<br>)<br>)<br>)<br>)<br>)<br>)    Docket E-2015-0039<br>)<br>)<br>)<br>)<br>) |

## I.    INTRODUCTION

This Consent Order ("Order") is entered into by the Massachusetts Securities Division ("Division") and Woodbridge Mortgage Investment Fund 1, LLC, Woodbridge Mortgage Investment Fund 2, LLC, and Woodbridge Mortgage Investment Fund 3, LLC (collectively "Woodbridge" or "Woodbridge Mortgage Investment Funds") arising out of an investigation initiated by the Division into whether Respondents' sales of unregistered Secure Bridge Loans to Massachusetts residents violated the Massachusetts Uniform Securities Act, MASS. GEN. LAWS ch. 110A ("Act") and the corresponding regulations promulgated thereunder at 950 MASS. CODE REGS. 10.00 *et seq.* ("Regulations").

On April 29, 2015, Woodbridge submitted an Offer of Settlement ("Offer") to the Division. Woodbridge Mortgage Investment Funds admit the Statement of Facts set forth in Section VI below and neither admit nor deny the Violations of Law set forth in Section VII below, and consent solely for the purpose of these proceedings to the entry of this Order by the Division, consistent with the language and terms of the Offer, settling the

1

claims brought hereby with prejudice.

## II. JURISDICTION

1. The Massachusetts Securities Division is a Division of the Office of the Secretary of the Commonwealth with jurisdiction over matters relating to securities as provided for by the Act. The Act authorizes the Division to regulate: 1) the offers and/or sales of securities; 2) those persons offering and/or selling securities within the Commonwealth; and 3) those persons transacting business as investment adviser representatives within the Commonwealth.

2. The Offer was made in accordance with MASS. GEN. LAWS ch. 110A. Specifically, the acts and practices investigated took place in Massachusetts and were directed toward Massachusetts residents.

## III. RELEVANT TIME PERIOD

3. Except as otherwise expressly stated, the conduct described herein occurred during the period of January 1, 2012 through the present ("Relevant Time Period").

## IV. RESPONDENTS

4. Woodbridge Mortgage Investment Fund 1, LLC is a limited liability company that was organized under the laws of Delaware in 2012 with a business address of 14225 Ventura Boulevard, Suite 100, Sherman Oaks, California 91423.

5. Woodbridge Mortgage Investment Fund 2, LLC is a limited liability company organized under the laws of Delaware in 2013 with a business address of 14225 Ventura Boulevard, Suite 100, Sherman Oaks, California 91423.

6. Woodbridge Mortgage Investment Fund 3, LLC is a limited liability company owned organized under the laws of Delaware in 2014 with a business address of 14225 Ventura Boulevard, Suite 100, Sherman Oaks, California 91423.

2

## V. OTHER RELEVANT INDIVIDUALS AND ENTITIES

7. Position Benefits, LLC ("Position Benefits") is a limited liability company formed under the laws of Massachusetts on August 23, 2013, with a current business address of 320 Court Street, Plymouth, Massachusetts 02360, and a web address of www.positionbenefits.com. The resident agent and listed manager of Position Benefits is Charles N. Nilosek. Position Benefits is not registered in any capacity with the Division, the Securities and Exchange Commission (the "SEC"), or the Financial Industry Regulatory Authority ("FINRA").

8. Charles N. Nilosek ("Nilosek") is a resident of Plymouth, Massachusetts and the founder, president, and resident agent of Position Benefits. Nilosek is not registered in any capacity with the Division, the SEC, or FINRA.

9. SHP Financial LLC ("SHP Financial") is a limited liability company organized under the laws of Massachusetts with a current business address of 225 Water St. #106c, Plymouth, Massachusetts 02360. Nilosek was a founding member of SHP Financial LLC.

## VI. STATEMENT OF FACTS

### A. Woodbridge's Secure Bridge Loans

10. Woodbridge Mortgage Investment Fund 1, LLC, Woodbridge Mortgage Investment Fund 2, LLC, and Woodbridge Mortgage Investment Fund 3, LLC (hereinafter "Woodbridge" or "Woodbridge Mortgage Investment Funds") are Delaware limited liability companies with business addresses in California.

11. Woodbridge Mortgage Investment Funds raise money from individuals in Massachusetts, by offering and selling "First Position Commercial Mortgages," which are also referred to as "Secure Bridge Loans" (hereinafter "Secure Bridge Loans").

3

12. Woodbridge's Secure Bridge Loans were not registered as securities in Massachusetts.

13. Woodbridge has not filed a notice of exemption from securities registration in Massachusetts for its Secure Bridge Loans.

14. Woodbridge's Secure Bridge Loans were not registered as federally-covered securities.

15. In response to a Division subpoena, Woodbridge identified 144 Massachusetts residents who invested in Secure Bridge Loans between January 1, 2012 to present (hereinafter "Massachusetts Investors"). The 144 Massachusetts Investors reside in cities and towns across the Commonwealth, including Springfield, Worcester, Gloucester, Truro, Plymouth, Dorchester, and Boston.

16. Woodbridge, or a Woodbridge affiliated entity, uses its own money, as well as money borrowed from investors in Secure Bridge Loans (including the Massachusetts Investors), to extend loans to third-party commercial borrowers.

17. The third-party commercial borrowers obtain loans from Woodbridge at a higher interest rate than the prevailing average interest rate currently charged by traditional lending institutions for mortgage loans.

18. Upon payment of a principal sum to Woodbridge, each Massachusetts Investor in a Secure Bridge Loan receives a promissory note and a loan agreement with exhibits that include a note from Woodbridge to the Massachusetts Investor, a form of assignment, a form of collateral assignment, and a form of intercreditor agreement.

19. The promissory note sets forth a monthly interest rate payment that Woodbridge must pay to the Massachusetts Investor.

4

20. The promissory note further provides that Woodbridge must pay the Massachusetts Investor his or her principal back at or before the end of the promissory note term, which is typically a range of one to two years.

21. The loan agreement assigns each Massachusetts Investor a first-lien position against a tract of real property, which also serves as collateral for the loan from Woodbridge to the third-party borrower.

22. Generally, intercreditor agreements, among other things, include information related to advancements of loan proceeds by the creditors, priority of the creditors with respect to payments from the debtor, and what will happen in the event of default by the debtor.

23. Records provided by Woodbridge Mortgage Investment Funds to the Division contained copies of intercreditor agreements entered into and executed by Massachusetts Investors as part of Secure Bridge Loans.

24. The executed intercreditor agreements that Woodbridge Mortgage Investment Funds provided to the Division contain a provision that if any party to the intercreditor agreement "desires to exercise any rights it may have under the Loan Documents, it shall notify the other [parties] as soon as practicable."

25. The executed intercreditor agreements provided by Woodbridge Mortgage Investment Funds to the Division provide that "no action shall be taken unless or until there is agreement of the parties to act in concert and to split all costs, or to permit independent action."

26. Woodbridge does not maintain separate financial accounts for each Massachusetts Investor, nor does it maintain a separate fund or pool, for payment of the obligations to each Massachusetts Investor. Rather, the Woodbridge Mortgage Investment Funds

5

typically pay Massachusetts Investors from their general c o r p o r a t e accounts. However, a Woodbridge affiliated entity has paid the obligations of the Woodbridge Mortgage Investment Funds to Massachusetts Investors.

27. Five individuals and/or entities located in Massachusetts referred Massachusetts residents to Woodbridge to invest in Woodbridge's Secure Bridge Loans. Woodbridge does not have a written contract with any of these Massachusetts-based referral individuals and/or entities.

28. Between 2012 and the present, the five Massachusetts individuals and entities received a total of $336,682.19 in commissions for referring Massachusetts residents to Woodbridge to invest in Woodbridge's Secure Bridge Loans.

29. Specifically, from January 1, 2012 through March 20, 2015, Woodbridge paid SHP Financial, one of the Massachusetts-based referral entities, $127,445.49 in commissions for referring investors to invest in Woodbridge's Secure Bridge Loans.

30. Specifically, from August 23, 2013 through March 20, 2015, Woodbridge paid Position Benefits, one of the Massachusetts-based referral entities, $167,996.25 in commissions for referring investors to invest in Woodbridge's Secure Bridge Loans.

31. Woodbridge has also provided Position Benefits with additional payments in exchange for marketing Secure Bridge Loans. From September 12, 2013 through February 28, 2015, Woodbridge paid Position Benefits more than $165,000 as a "marketing bonus."

32. Position Benefits has engaged in an extensive marketing campaign to promote the Secure Bridge Loans. This marketing campaign has included radio broadcasts, social media posts, and a website.

6

### B.   The Risks of Woodbridge's Secure Bridge Loans

33. Massachusetts Investors may have been uninformed of the potential risks typically associated with real estate transactions, such as those undertaken by Woodbridge Mortgage Investment Funds.

34. Furthermore, if Woodbridge were to become bankrupt or default on its obligation to pay a Massachusetts Investor, the Massachusetts Investor may have to file a lawsuit against Woodbridge to recoup owed payments, or as noted above, may have to proceed against the third-party borrower or underlying collateral property.

35. Massachusetts Investors rely on Woodbridge to properly value the property serving as collateral on the loan (which it does through the use certified appraisals and Broker Price Opinions), including the potential for depreciation, to file the Massachusetts Investor's security interest on local land records, and to obtain title insurance on property.

36. Documentation of hard money loans, such as those offered by Woodbridge, involves compliance with numerous state and federal regulations. Failure to comply with these regulations may invalidate the security interest claimed by Woodbridge or by a Massachusetts Investor.

37. Additionally, the value of the property securing the loan may decrease.

38. In cases where the property does not adequately collateralize the loan made by Woodbridge, Massachusetts Investors will have to rely on Woodbridge to maintain liquid cash reserves to continue making interest and principal payments despite possible loss in the value of collateral.

7

## VII. VIOLATIONS OF LAW

**Violation of Section 301 of the Act**

39. Section 301 of the Act provides:

> It is unlawful for any person to offer or sell any security in the commonwealth unless:--
>
> (1) the security is registered under this chapter;
> (2) the security or transaction is exempted under section 402; or
> (3) the security is a federal covered security.

MASS. GEN. LAWS ch. 110A, § 301.

40. The conduct of Respondents, as described above, constitutes a violation of MASS. GEN. LAWS ch. 110A, § 301.

## VIII. ORDER

Woodbridge Mortgage Investment Funds consent to the entry of this Order,

**IT IS HEREBY ORDERED:**

Woodbridge Mortgage Investment Funds, in full and final settlement of these matters, admit the Statement of Facts set forth in Section VI above and neither admit nor deny the Violations of Law set forth in Section VII above, and make the following representations, and agree to the undertakings herein as part of the Order:

A. Woodbridge Mortgage Investment Funds shall permanently cease and desist from selling unregistered or non-exempt securities in the Commonwealth of Massachusetts;

B. Woodbridge Mortgage Investment Funds shall be censured by the Division;

C. Woodbridge Mortgage Investment Funds shall discontinue making offers and sales of Secure Bridge Loans in Massachusetts until such Secure Bridge Loans are registered as securities or exempt from registration as securities in

8

Massachusetts. For any future registered or exempt offers of securities in Massachusetts, Woodbridge Mortgage Investment Funds shall file a Form U-2, Consent to Service of Process, with the Division as required by MASS. GEN. LAWS. ch. 110A, § 414(g);

D. Woodbridge Mortgage Investment Funds shall offer rescission of the agreements made in connection with the Secure Bridge Loans and return of principal to those Massachusetts Investors with outstanding Secure Bridge Loans (i.e. those for whom Respondents have not made return of principal payments) who purchased a Secure Bridge Loan prior to the date of this Order ("Eligible Massachusetts Investors"), pursuant to the following terms:

1. Woodbridge Mortgage Investment Funds' rescission offer shall be memorialized in a letter ("Offer Letter") dated and sent to the Eligible Massachusetts Investors within forty-five (45) days of this Order;

2. The Offer Letter shall be provided to the Division at least ten (10) days prior to the sending of the Offer Letters to Eligible Massachusetts Investors.

3. The terms, content and manner of the service of the Offer Letter shall not be unacceptable to the Division;

4. The Offer Letter will remain open for a period of thirty (30) days from the date sent to the Eligible Massachusetts Investors;

5. Within forty-five (45) days of acceptance of an offer, Woodbridge Mortgage Investment Funds shall make payment of principal by

check to the Eligible Massachusetts Investors;

6.   Eligible Massachusetts Investors shall be allowed to keep all interest payments paid to them by Woodbridge on their outstanding Secure Bridge Loans up through the date of payment of an accepted offer of rescission and no principal payment amounts shall be reduced by any interest payments made to Eligible Massachusetts Investors;

7.   Within sixty (60) days following the close of the Offer Letter Woodbridge Mortgage Investment Funds shall submit to the Division a report detailing the amount of funds paid pursuant to the Order, which shall include, but is not limited to:

   i.   A description of the distributions of funds to all Eligible Massachusetts Investors, including, but not limited to:

      a.   Identification of all accepted offers; and

      b.   Dates and amounts for all distributions;

E.   Within five (5) business days of the entry of this Order, Woodbridge Mortgage Investment Funds shall pay a civil penalty in the amount of $250,000 to the Commonwealth of Massachusetts. Payment shall be: (1) made by United States postal money order, certified check, bank cashier's check, bank money order, or wire transfer; (2) made payable to the Commonwealth of Massachusetts; and (3) either hand-delivered or mailed to One Ashburton Place, Room 1701, Boston, Massachusetts 02108, or wired per Division instructions; and (4) submitted under cover letter or other documentation that identifies Woodbridge Mortgage Investment Funds as

10

making the payment and the docket number of the proceedings. Additionally, Woodbridge Mortgage Investment Funds shall provide the Division with notice twenty-four (24) hours prior to the payment;

F.   This Order is not intended to be a final order based upon violations of any laws or regulations that prohibit fraudulent, manipulative or deceptive conduct.   Further, this Order waives any disqualification in the Massachusetts laws, or rules or regulations thereunder, including any disqualifications from relying upon the registration exemptions or safe harbor provisions to which Woodbridge or any of its affiliates may be subject.  In addition, this Order is not intended to form the basis for any such disqualifications, and the Division does not intend disqualification under Rule 506 of the Securities Act of 1933 to arise as a consequence of this Order.

G.   Woodbridge Mortgage Investment Funds shall not claim, assert, or apply for a tax deduction or tax credit with regard to any state, federal or local tax for any amounts that Woodbridge Mortgage Investment Funds shall pay to the Commonwealth of Massachusetts or to Massachusetts Investors pursuant to the Division's Order;

H.   Woodbridge Mortgage Investment Funds shall not seek or accept, directly or indirectly, reimbursement or indemnification, including, but not limited to, any payments made pursuant to any insurance policy, with regard to any amount that Woodbridge Mortgage Investment Funds shall pay to the Commonwealth as a fine or as restitution pursuant to the Division's Consent

11

Order;

I.    Woodbridge Mortgage Investment Funds agree that, upon the issuance of this Order, if they fail to comply with any of the terms set forth in the Order, the Enforcement Section may institute an action to have this agreement declared null and void. Upon issuance of an appropriate order and after a fair hearing, the Enforcement Section may re-institute an action against Woodbridge Mortgage Investment Funds.

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH

By: _____
Bryan J. Lantagne
Director
Massachusetts Securities Division
One Ashburton Place, Room 1701
Boston, MA 02108

Dated: May 4, 2015

12