# EXHIBIT D



JOHN MORGAN
SECURITIES COMMISSIONER

RONAK V. PATEL
DEPUTY SECURITIES COMMISSIONER

Mail: P.O. BOX 13167
AUSTIN, TEXAS 78711-3167

Phone: (512) 305-8300
Facsimile: (512) 305-8310

## Texas State Securities Board

208 E. 10th Street, 5th Floor
Austin, Texas 78701-2407
www.ssb.state.tx.us

BETH ANN BLACKWOOD
CHAIR

DERRICK MITCHELL
MEMBER

E. WALLY KINNEY
MEMBER

DAVID A. APPLEBY
MEMBER

ALAN WALDROP
MEMBER

| | |
|---|---|
| IN THE MATTER OF §<br>WOODBRIDGE MORTGAGE §<br>INVESTMENT FUND 3, LLC; ROBERT H. §<br>SHAPIRO; OLD SECURITY FINANCIAL §<br>GROUP, INC.; DONALD ANTHONY §<br>MACKENZIE; ROBERT S. DAVIS, JR., §<br>AKA LUTE DAVIS; BP FINANCIAL & TAX §<br>DESIGN GROUP; AND BRETT §<br>PITTSENBARGAR §| Order No.  ENF-15-CDO-1740 |

TO:   Woodbridge Mortgage Investment Fund 3, LLC
      14225 Ventura Boulevard, Suite 100, Sherman Oaks, California 91423,
      123 N.W. 13th Street, Suite 310, Boca Raton, Florida 33432,
      c/o A Registered Agent, Inc., 1521 Concord Pike, Suite 303, Wilmington, Delaware
      19803, and
      c/o Dan Keen, 1521 Concord Pike, Suite 303, Wilmington, Delaware 19803

      Robert H. Shapiro
      14225 Ventura Boulevard, Suite 100, Sherman Oaks, California 91423, and
      123 N.W. 13th Street, Suite 310, Boca Raton, Florida 33432

      Old Security Financial Group, Inc.
      18 Augusta Pines Drive, Suite 200-E, Spring, Texas 77389, and
      15 Post Shadow Estate Court, Spring, Texas 77389

      Donald Anthony MacKenzie
      18 Augusta Pines Drive, Suite 200-E, Spring, Texas 77389, and
      15 Post Shadow Estate Court, Spring, Texas 77389

      Robert S. Davis, Jr. aka Lute Davis
      18 Augusta Pines Drive, Suite 200-E, Spring, Texas 77389,
      15 Post Shadow Estate Court, Spring, Texas 77389, and
      40111 Otero Rd., Magnolia, Texas 77954

      BP Financial & Tax Design Group
      5910 Courtyard Drive #105, Austin, Texas 78731, and
      3116 Rippling Creek Court, Austin, Texas 78732

      Brett Pittsenbargar
      5910 Courtyard Drive #105, Austin, Texas 78731, and
      3116 Rippling Creek Court, Austin, Texas 78732

## EMERGENCY CEASE AND DESIST ORDER

This is your OFFICIAL NOTICE of the issuance by the Securities Commissioner of the State of Texas ("Securities Commissioner") of an EMERGENCY CEASE AND DESIST ORDER pursuant to Section 23-2 of The Securities Act, TEX. REV. CIV. STAT. ANN. arts. 581-1 to 581-43 (West 2010 & Supp. 2014) ("Texas Securities Act").

The Staff of the Enforcement Division ("the Staff") of the Texas State Securities Board ("the Securities Board") has presented evidence sufficient for the Securities Commissioner to find that:

### FINDINGS OF FACT

1.    Woodbridge Mortgage Investment Fund 3, LLC ("Respondent Woodbridge") is a Delaware limited liability company. It maintains last known addresses at 14225 Ventura Boulevard, Suite 100, Sherman Oaks, California 91423, and 123 N.W. 13th Street, Suite 310, Boca Raton, Florida 33432. It may be served through its Registered Agent, A Registered Agent, Inc., or its Authorized Person, Dan Keen, both at 1521 Concord Pike, Suite 303, Wilmington, Delaware 19803.

2.    Robert H. Shapiro ("Respondent Shapiro") controls Respondent Woodbridge. He maintains last known addresses at 14225 Ventura Boulevard, Suite 100, Sherman Oaks, California 91423, and 123 N.W. 13th Street, Suite 310, Boca Raton, Florida 33432.

3.    Old Security Financial Group, Inc. ("Respondent Old Security"), formerly known as Liberty Estate Services, Inc., is a Texas domestic business corporation. It maintains last known addresses at 18 Augusta Pines Drive, Suite 200-E, Spring, Texas 77389, and 15 Post Shadow Estate Court, Spring, Texas 77389.

4.    Donald Anthony MacKenzie ("Respondent MacKenzie") is the Registered Agent and President of Respondent Old Security. He maintains last known addresses at 18 Augusta Pines Drive, Suite 200-E, Spring, Texas 77389, and 15 Post Shadow Estate Court, Spring, Texas 77389.

5.    Robert S. Davis, Jr. also known as "Lute" Davis ("Respondent Davis") is the Vice President of Respondent Old Security. He maintains last known addresses at 18 Augusta Pines Drive, Suite 200-E, Spring, Texas 77389, 15 Post Shadow Estate Court, Spring, Texas 77389, and 40111 Otero Rd., Magnolia, Texas 77954.

6.    BP Financial & Tax Design Group ("Respondent BP Financial") maintains last known addresses at 5910 Courtyard Drive #105, Austin, Texas 78731, and 3116 Rippling Creek Court, Austin, Texas 78732.

7.    Brett Pittsenbargar ("Respondent Pittsenbargar") is the founder of Respondent BP Financial.  He maintains last known addresses at 5910 Courtyard Drive #105, Austin, Texas 78731, and 3116 Rippling Creek Court, Austin, Texas 78732.

8.    Respondent Woodbridge, Shapiro, Old Security, MacKenzie, Davis, BP Financial and Pittsenbargar are offering for sale investments in Respondent Woodbridge's First Position Commercial Mortgage Note Program (the "Note Program").

9.    Respondents are using internet webpages that are accessible in Texas to offer for sale the Note Program.

10.    Respondents Old Security, MacKenzie and Davis are also offering for sale the Note Program in Texas through display advertisements carried in Texas Monthly, a magazine that claims to be read by more than 2.5 million people each month, and they are also promoting the Note Program in Texas on Houston's KPRC AM 950 radio station and San Antonio's WOAI AM 1200 radio station.

11.    The Note Program is structured as follows:

a.    Investors enter into an agreement with Respondent Woodbridge.  The term of the agreement is typically one year, and it requires Respondent Woodbridge to pay the investors a fixed return on a monthly basis.

b.    Investors provide money to Respondent Woodbridge pursuant to the terms of the agreement.  Respondent Woodbridge thereafter purportedly pools investor money to fund commercial loans secured by real property.

c.    The agreement is purportedly collateralized by a note and an assignment of a first-lien position secured by real property, and Respondent Woodbridge states that it participates in the transaction by taking a second-lien position secured by real property. The agreement remains uncollateralized, however, until or unless Respondent Woodbridge raises enough money to fund the commercial loan.

d.    The investor is entitled to the immediate payment of interest on a monthly basis regardless of whether Respondent Woodbridge raises sufficient capital from a sufficient number of investors to fully fund the commercial loan.

e.    Respondent Woodbridge pays the monthly interest payments to the investor, and Respondent Woodbridge repays the investor the principal on the investment at the end of the term of the agreement.

f.   Respondent Woodbridge's obligation to pay interest to investors on a monthly basis is in no way contingent upon its receipt of payments from the commercial borrower pursuant to the commercial loan.   Respondent Woodbridge is instead obligated to continue to make payments to investors even when the commercial borrower fails to remit payment or defaults on the commercial loan.

g.   The commercial loan agreement between Respondent Woodbridge and the commercial borrower provides Respondent Woodbridge with the right, but not the obligation, to foreclose on the commercial borrower, recoup the costs of the foreclosure action and other amounts, and permit the real property to be sold at an auction.

h.   If the real property is sold to a third party at an auction, Respondent Woodbridge uses the proceeds of the sale to repay investors.  If the real property is sold to Respondent Woodbridge at an auction, Respondent Woodbridge continues to pay interest payments to investors pursuant to their agreements and returns principal at the end of the term of the agreements.

12.   The investments in the Note Program have not been registered by qualification, notification or coordination, and no permit has been granted for their sale in Texas.

13.   Regulation D, Rule 506, promulgated under the Securities Act of 1933, authorizes issuers to engage in general solicitation when selling covered securities and preempts state securities registration laws provided that, among other things, all purchasers of the securities are accredited investors and the issuers take reasonable steps to verify that such purchasers are accredited investors.

14.   Respondents are not taking reasonable steps to verify that all purchasers are accredited investors.

15.   Respondents have not been registered with the Securities Commissioner as dealers or agents at any time material hereto.

16.   In connection with the offer of investments in the First Position Commercial Mortgage Note Program, Respondents Woodbridge and Shapiro are intentionally failing to disclose the following material facts:

a.   The identities and/or qualifications of the officers, directors, principals, persons and entities that control Respondent Woodbridge.

b.   The assets and liabilities of Respondent Woodbridge and any other financial information relevant to Respondent Woodbridge's ability to pay investors monthly returns and repay the principal investment.

c.   The anticipated use of funds and the allocation of costs associated with the First Position Commercial Mortgage Note Program.

d.   The manner in which investor funds will be held during the time that Respondent Woodbridge attempts to raise enough money to fund the commercial loan with the commercial borrower.

e.   The investments will not be secured or collateralized until or unless Respondent Woodbridge is able to raise sufficient capital from a sufficient number of investors to fund the commercial loan with the commercial borrower.

f.   The risks that exist prior to the investment being collateralized, such as the bankruptcy of Respondent Woodbridge.

g.   Information about the foreclosure process.

h.   Information about the offer and sale of units issued by Respondent Woodbridge, and the manner in which such offers and sales may impact investors in the Note Program.

i.   Respondent Woodbridge has not made any filing with the Texas Secretary of State authorizing it to conduct business in Texas.

j.   On May 4, 2015, the Massachusetts Securities Division entered an administrative order styled <u>In the Matter of Woodbridge Mortgage Investment Fund 1, LLC, Woodbridge Mortgage Investment Fund 2, LLC, and Woodbridge Mortgage Investment Fund 3, LLC</u>, Docket No. E-2015-0039. The administrative order found that the funds were violating the state securities registration law, censured the funds, ordered the funds to cease offering and selling bridge loans in Massachusetts, ordered the Respondents to offer rescission to investors, and ordered the funds to pay a civil penalty in the amount of $250,000.00.

17.  Respondents Old Security, MacKenzie, Davis, BP Financial and Pittsenbargar are stating that investments in the Note Program are safe and secure, which is materially misleading or otherwise likely to deceive the public in light of the following facts:

a.   The investments will not be secured or collateralized until or unless Respondent Woodbridge is able to raise sufficient capital from a sufficient number of investors to fund the commercial loan with the commercial borrower, and

b.   Investors are not being provided with information about the risks that exist prior to the investment being collateralized and risks associated with the inability of Respondent Woodbridge to repay principal and interest to investors according to the terms of the investment.

18. Respondents Old Security, MacKenzie and Davis, while offering investments in the Note Program, are making statements that are materially misleading or otherwise likely to deceive the public by representing that:

    a.    Respondent Old Security is "an independent financial services firm encompassing more than 50 years of experience in the industry and is dedicated to serving the best interests of our clients first and foremost."

    b.    Respondent Old Security was founded in 1998 and that it "has been serving the community of Houston and its surrounding areas building long-lasting relationships founded on mutual trust and respect by providing our clients peace of mind through a proactive approach to assist in preserving your assets for a more successful financial future."

    c.    "Since 1998, [Respondent Old Security] has carved out a unique niche in the investment world specializing in safe money investments..." and that it "only offer[s] investment opportunities for our clients with ZERO downside of your hard-earned principal."

    d.    "Collectively, [Respondent Old Security]'s agents have placed $1 Billion of investor's funds with NO loss of principal. This is directly attributed to our safe-money investment specialty and the guarantee-return product lines we recommend."

    e.    Respondent Old Security "has over 200 individual and team members, collectively, working daily to meet our client's needs."

    f.    Respondent MacKenzie is a "Licensed Agent" and "brings over 20 years of experience to the industry."

while failing to disclose that:

1. Respondent MacKenzie and Respondent Old Security, at the time doing business as Liberty Estate Services, Inc., received commissions for the sale of securities issued by Alpha Telcom, Inc. ("Alpha Telcom"). On or about August 27, 2001, the United States Securities and Exchange Commission filed a complaint against Alpha Telcom and others in <u>Securities and Exchange Commission v. Alpha Telcom, Inc., et al.</u>, Case No. 3:01-cv-01283, in the United States District Court for the District of Oregon. On or about February 8, 2002, the Court entered a Final Judgment against Alpha Telcom that permanently restrained it and others, in part, from using the mails or interstate commerce to commit securities fraud. On or about March 31, 2005, the Court entered a Judgment of Disgorgement that ordered Respondent Old Security to disgorge $78,677.50 to the receiver.

2.     Respondent MacKenzie and Respondent Old Security received commissions for the sale of securities issued by Mobile Billboards of America, Inc. On or about October 18, 2005, S. Gregory Hays filed a Complaint for Disgorgement of Ill-Gotten Gains against Respondent MacKenzie and others in <u>S. Gregory Hays, Receiver for Mobile Billboards of America, Inc., et al. v. David E. Adam, et al.</u>, Case No. 1:05-cv-02705-CAP, in the United States District Court for the Northern District of Georgia, Atlanta Division. The Complaint alleged that Respondent MacKenzie and others sold unregistered securities and acted as unregistered broker-dealers. On or about June 24, 2008, the Court entered a Judgment against Respondent MacKenzie that ordered disgorgement of $153,500.00.

3.     On or around November 20, 2012, the Texas Commissioner of Insurance entered a Consent Order against Respondent MacKenzie in Case No. 2065. The Texas Commissioner of Insurance therein ordered Respondent MacKenzie to pay an administrative penalty of $20,000.00, refrain from engaging in the business of viatical and life settlement transactions until he obtained a license to conduct such business, register any and all insurance agency offices and remove a representation from his website that claimed that "[w]e have helped annuity owners nationwide purchase thousands of annuities."

## CONCLUSIONS OF LAW

1.     The investments in the First Position Commercial Note Program are "securities" as that term is defined by Section 4.A of the Texas Securities Act.

2.     Respondents are violating Section 7 of the Texas Securities Act by offering securities for sale in Texas at a time when the securities are not registered with the Securities Commissioner.

3.     Respondents are violating Section 12 of the Texas Securities Act by offering securities for sale in Texas without being registered pursuant to the provisions of Section 12 of the Texas Securities Act.

4.     Respondents Woodbridge and Shapiro are engaging in fraud in connection with the offer for sale of securities.

5.     Respondents Old Security, MacKenzie, Davis, BP Financial and Pittsenbargar are making an offer containing a statement that is materially misleading or otherwise likely to deceive the public.

6.     Respondents' conduct, acts, and practices threaten immediate and irreparable public harm.

7.     The foregoing violations constitute bases for the issuance of an Emergency Cease and Desist Order pursuant to Section 23-2 of the Texas Securities Act.

Emergency Cease and Desist Order/Woodbridge Mortgage Investment Fund 3, LLC, et al./Page 7

## ORDER

1. It is therefore ORDERED that Respondents immediately CEASE AND DESIST from offering for sale any security in Texas until the security is registered with the Securities Commissioner or is offered for sale pursuant to an exemption from registration under the Texas Securities Act.

2. It is further ORDERED that Respondents immediately CEASE AND DESIST from acting as securities dealers or agents in Texas until Respondents are registered with the Securities Commissioner or are acting pursuant to an exemption from registration under the Texas Securities Act.

3. It is further ORDERED that Respondents Woodbridge and Shapiro immediately CEASE AND DESIST from engaging in any fraud in connection with the offer for sale of any security in Texas.

4. It is further ORDERED that Old Security, MacKenzie, Davis, BP Financial and Pittsenbargar immediately CEASE AND DESIST from offering securities in Texas through an offer containing a statement that is materially misleading or otherwise likely to deceive the public.

## NOTICE

Pursuant to Section 23-2 of the Texas Securities Act, you may request a hearing before the 31st day after the date you were served with this Order. The request for a hearing must be in writing, directed to the Securities Commissioner, and state the grounds for the request to set aside or modify the Order. Failure to request a hearing will result in the Order becoming final and non-appealable.

You are advised under Section 29.D of the Texas Securities Act that any knowing violation of an order issued by the Securities Commissioner under the authority of Section 23-2 of the Texas Securities Act is a criminal offense punishable by a fine of not more than $5,000, or imprisonment in the penitentiary for not more than two years, or by both such fine and imprisonment.

SIGNED AND ENTERED by the Securities Commissioner this _17th_ day of July, 2015.

JOHN MORGAN
Securities Commissioner

Emergency Cease and Desist Order/Woodbridge Mortgage Investment Fund 3, LLC, et al./Page 8