# EXHIBIT I

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | WOODBRIDGE INVESTMENTS, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Delaware (State) |
| Case number | 1712761 KJC |



## Official Form 410

# Proof of Claim

FILED - 04635
DISTRICT OF DELAWARE
WOODBRIDGE GROUP OF COMPANIES, LLC
17-12560/JUDGE KEVIN J. CAREY

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

FRANCHISE TAX BOARD
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notice to the creditor be sent?**

BANKRUPTCY SECTION MS A340
FRANCHISE TAX BOARD
Name
PO Box 2952
Number    Street
Sacramento    CA    95812-2952
City    State    ZIP Code

Contact phone    (916) 845-4750

Contact email

**Where should payments to the creditor be sent? (if different)**

Name
Number    Street
City    Sate    ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?

Official Form 410    Proof of Claim

FTB 6631 C ARCS (REV 06-2016)

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  0191 |

| | | |
|---|---|---|
| 7. | How much is the claim? | $ __14,531.91__ .  Does this amount include interest or other charges?<br><br>☐ No<br><br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | | |
|---|---|---|
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>__Taxes and/or fees__ |

| | | |
|---|---|---|
| 9. | Is all or part of the claim secured? | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br><br>☐   Real estate. If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐   Motor vehicle<br>☐   Other. Describe: _____<br><br>Basis for perfection: _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                              $ _____<br><br>Amount of the claim that is secured:       $ _____<br><br>Amount of the claim that is unsecured: $ 14,531.91   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:   $ _____<br><br>Annual Interest Rate (when case was filed)  _____ %<br>☐   Fixed<br>☐   Variable |

| | | |
|---|---|---|
| 10. | Is this claim based on a lease? | ☒ No<br><br>☐ Yes. Amount necessary to cure any default as of the date of the petition.       $ _____ |

| | | |
|---|---|---|
| 11. | Is this claim subject to a right of setoff? | ☒ No<br><br>☐ Yes  Identify the property: _____ |

FTB 6631 C ARCS (REV 06-2016)

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☒ Yes. *Check all that apply.*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $   3,443.28 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/08/2018
                   MM / DD / YYYY

/s/: Bee Xiong
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Bee Xiong |
|---|---|
|  | First name     Middle name     Last name |
| Title | Franchise Tax Board Claim Agent |
|  | BANKRUPTCY SECTION MS A340 |
| Company | FRANCHISE TAX BOARD |
|  | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | PO Box 2952 |
|  | Number     Street |
|  | Sacramento          CA     95812-2952 |
|  | City          State     ZIP Code |
| Contact phone | (916) 845-4750          Email |

Official Form 410                     **Proof of Claim**

FTB 6631 C ARCS (REV 06-2016)



STATE OF CALIFORNIA
BANKRUPTCY SECTION MS A340
FRANCHISE TAX BOARD
PO BOX 2952
SACRAMENTO CA 95812-2952

Phone:(916) 845-4750  Fax: (916) 845-9799

Date: 05/08/18
Bankruptcy Case Number: 1712761 KJC
Petition Date: 12/04/2017
Debtor Name: WOODBRIDGE INVESTMENTS, LLC.

# Attachment

Franchise Tax Board (FTB) reserves the right to amend this claim/request based on any audit or investigation of any filed income tax returns or any other audit or investigation.

FTB reserves the right to amend this claim/request in accordance with applicable law, including, without limitation, modifying the amounts claimed as an administrative expense, secured, priority, and unsecured for the purposes of this bankruptcy case.

FTB reserves the right to amend this claim/request to add additional penalties and interest.

FTB's records indicate an income tax return has **not** been filed for the following tax year(s): 2014, 2015, 2016, 2017, 2008, 2009, 2010, 2011, 2012, 2013, 2007.

Accordingly, FTB reserves the right to amend this claim/request based upon receipt of such income tax return(s), any audit or investigation of such return(s), or any other audit or investigation.

FTB's claim, to the extent it is secured, is secured by all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the debtor(s) and located in this state. (California Revenue & Taxation Code §19221; California Government Code § 7170.) Should the value of the collateral be determined to be less than the amount of the secured claim or should the lien be avoided in whole or in part, FTB reserves the right to amend this claim to state its unsecured non-priority claim and its unsecured priority claim.

Except to the extent stated herein, FTB has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right of setoff against this claim of debts owed to this debtor by FTB or any other state agency. All rights of setoff are preserved and will be asserted to the extent lawful.

FTB 6631 C ARCS (REV 06-2016)

 STATE OF CALIFORNIA
BANKRUPTCY SECTION MS A340
FRANCHISE TAX BOARD
PO BOX 2952
SACRAMENTO CA 95812-2952

Phone:   (916) 845-4750

Fax:   (916) 845-9799

**Bankruptcy Case Number:**
1712761 KJC

**Account Number(s):**
XXXXXXXX0191XXX

## Proof of Claim

GARDEN CITY GROUP, LLC

1985 MARCUS AVENUE, STE 200
LAKE SUCCESS NY 11042

**Type of Liability:**

PARTNERSHIP

**Debtor(s):**   WOODBRIDGE INVESTMENTS, LLC

## Basis of Liability Statement

| Claim | Basis | Period | Tax | Penalty | Interest | Costs | Total Claim |
|---|---|---|---|---|---|---|---|
| B | 3 | 12/31/2014 | $800.00 | $0.00 | $100.57 | $0.00 | $900.57 |
| B | 3 | 12/31/2015 | $800.00 | $0.00 | $73.95 | $0.00 | $873.95 |
| B | 3 | 12/31/2016 | $800 00 | $0.00 | $48.07 | $0.00 | $848.07 |
| B | 3 | 12/31/2017 | $800 00 | $0.00 | $20.69 | $0.00 | $820.69 |
| C | 3 | 12/31/2008 | $800.00 | $300.00 | $370.87 | $0.00 | $1,470.87 |
| C | 3 | 12/31/2009 | $800.00 | $300.00 | $294.31 | $0.00 | $1,394.31 |
| C | 3 | 12/31/2010 | $800.00 | $632.00 | $242.40 | $0.00 | $1,674.40 |
| C | 3 | 12/31/2011 | $800.00 | $632.00 | $200.21 | $0.00 | $1,632.21 |
| C | 3 | 12/31/2012 | $800.00 | $632.00 | $164.57 | $0.00 | $1,596.57 |
| C | 3 | 12/31/2013 | $800.00 | $632 00 | $133 01 | $0.00 | $1,565.01 |
| C | 3 | 12/31/2014 | $0.00 | $632.00 | $3.69 | $0.00 | $635.69 |
| C | 3 | 12/31/2015 | $0.00 | $600.00 | $2.40 | $0.00 | $602.40 |
| C | 3 | 12/31/2016 | $0.00 | $444.00 | $1.17 | $0.00 | $445.17 |
| C | 3 | 12/31/2017 | $0.00 | $72.00 | $0.00 | $0.00 | $72.00 |
| T | 3 | 12/31/2007 | $0.00 | $0.00 | $0.00 | $0.00 | TBD |

**Claim**

- A. Secured
- B. Unsecured Priority
- C. Unsecured General
- T. To Be Determined

**Basis**

1. Return filed with balance due
3. No return filed
4. Audit Assessment
5. Other

**Tax Lien Information for Secured Claim**

| Lien Certificate Number | Recording Date | County Recorder or Secretary of State | Recording Information | Tax Years Secured |
|---|---|---|---|---|
| | | | | |

The Franchise Tax Board Bankruptcy Section takes an active role in resolving bankruptcy issues. We can receive delinquent tax returns and encourage correspondence and telephone calls. We provide assistance to prevent unnecessary litigation.

FTB 6631 C ARCS (REV 06-2016)



PRIORITY
★ MAIL ★

TRACKED ★★★ INSURED

UNITED STATES
POSTAL SERVICE.

For Domestic Use Only

Label 107P, July 201



US POSTAGE AND FEES PAID
MAY 9 2018    Mailed from ZIP 95827
1 lb Priority Mail Zone 8
Commercial Base Price

endicia.com    071V00974678

## PRIORITY MAIL 2-DAY™

STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO Box 942840
Sacramento, CA 94240-0040

C053   0021

SHIP
TO:
GARDEN CITY GROUP, LLC
1985 MARCUS AVE STE 200
NEW HYDE PARK, NY 11042-2029

### USPS TRACKING #



9405 5102 0167 4000 4595 30

UNITED STATES
POSTAL SERVICE ®

endicia·



Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952



ORIGIN ID:ELZA  · (631) 470-6804
SHARNA WILSON
GARDEN CITY GROUP, LLC
1985 MARCUS AVE
SUITE 200
LAKE SUCCESS, NY 11042
UNITED STATES US

SHIP DATE: 18MAY18
ACTWGT: 1.00 LB
CAD: 100098143/INET3980

BILL SENDER

TO  PATRICK LORD
GCG - OHIO
5151 BLAZER PARKWAY
STE A
DUBLIN OH 43017
(614) 553-1162          REF: WGC
INV:
PO:                          DEPT:



FedEx
Express

MON - 21 MAY 3:00P
STANDARD OVERNIGHT

TRK# 0201   7722 6738 4759

SB OSUA

43017
OH-US   LCK



5/18/2018

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.

https://www.fedex.com/shipping/html/en/PrintIFrame.html



UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Woodbridge Mortgage Investment Fund 2, LLC 17-12772 (KJC)    ▼

FILED - 03764
DISTRICT OF DELAWARE
WOODBRIDGE GROUP OF COMPANIES, LLC
17-12560/JUDGE KEVIN J. CAREY



# Proof of Claim
Official Form 410*

Read the instructions before filling out this form. Do not use this form to make a request for payment of an administrative expense except for pursuant to Bankruptcy Code section 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

This chapter 11 case was commenced in the United States Bankruptcy Court for the District of of Delaware, on December 4, 2017  (the "Petition Date.")
Fill in all the information for the claim as of the Petition Date.

## Part 1:   Identify the Claim

| 1. | Who is the current creditor? | Provident Trust Group, LLC FBO James D Helgeson IRA |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☒ No |
|---|---|---|
| | | ☐ Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|---|
| | | James Helgeson | Provident Trust Group, LLC |
| | | Name | Name |
| | | 710 Grand Ave Ste 1 | Attn: Lock Box Department, PO Box 4330 |
| | | Number   Street | Number   Street |
| | | Billings   MT   59101 | Ontario   CA   91761 |
| | | City   State   ZIP Code | City   State   ZIP Code |
| | | Contact phone 406-670-3284 | Contact phone 888-855-9856 |
| | | Contact email jdhoffice@juno.com | Contact email _____ |

| 4. | Does this claim amend one already filed? | ☐ No | Filed on 05/04/2018 |
|---|---|---|---|
| | | ☒ Yes. Claim number on court claims registry (if known) 2977 | MM/DD/YYYY |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
|---|---|---|
| | | ☐ Yes. Who made the earlier filing? _____ |

*Modified Official Form 410 (GCG 5/16)                                                                     page 1



## Part 2: Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☑ No<br><br>❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. | **How much is the claim?** | $ 56,000.00 _____.  **Does this amount include interest or other charges?**<br>❏ No<br>❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money loaned/ Invested |
| 9. | **Is all or part of the claim secured?** | ☑ No<br>❏ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>❏ Motor vehicle<br>❏ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**    $_____<br><br>**Amount of the claim that is secured:**    $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>❏ Fixed<br>❏ Variable |
| 10. | **Is this claim based on a lease?** | ☑ No<br><br>❏ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ☑ No<br><br>❏ Yes. Identify the property: _____ |

| | | | |
|---|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>❏ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ❏ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ❏ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | *Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.* | |

*Modified Official Form 410 **(GCG 5/16)**                                                                                    page 2

| 13. | Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☒ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $ _____ |
|---|---|---|
| 14. | Has the claimant asserted any Debtor-related claims against any third party? | ☒ No<br><br>☐ Yes. Provide the details of where you asserted any Debtor-related claims against a third party. |

## Part 3:   Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | Check the appropriate box:<br><br>☒ I am the creditor.<br><br>☐ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  05/09/2018<br>　　　　　　　　　　MM / DD / YYYY |

Signature

Print the name of the person who is completing and signing this claim:

Name   James   Helgeson
　　　　First name　　　　　　　Middle name　　　　　　　Last name

Title   _____

Company   _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   710 Grand Ave Ste 1
　　　　　Number　　　Street

Billings　　　　　　　　　　　　　　　　MT　　　59101
City　　　　　　　　　　　　　　　　　State　　　ZIP Code

Contact phone  406-670-3284　　　　　Email jdhoffice@juno.com

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL. P.O. BOX 10545, DUBLIN, OHIO 43017-0208. **IF BY HAND OR OVERNIGHT COURIER:** WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL., C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES **IS JUNE 19, 2018 AT 5:00 P.M.** (PREVAILING EASTERN TIME)
THE GOVERNMENT BAR DATE IS EITHER JUNE 4, 2018, AUGUST 8, 2018, SEPTEMBER 5, 2018 SEPTEMBER 19, 2018, OR SEPTEMBER 24, 2018, **DEPENDING ON WHICH DEBTOR YOUR CLAIM IS AGAINST,** AS SET FORTH ON EXHIBIT I TO THE BAR DATE ORDER, AVAILABLE AT
http://cases.gardencitygroup.com/wgc/

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all the information for the claim as of the Petition Date.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and your Proof of Claim form, including supporting documentation, on the claims register hosted on the case administration website, http://cases.gardencitygroup.com/wgc/.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display your proof of claim form, including supporting documentation, on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# EXHIBIT A
Please select **only** one debtor

| Name of Debtor: | Case No. | Name of Debtor: | Case No. |
|---|---|---|---|
| ☐ 215 North 12th Street, LLC | 17-12561 (KJC) | ☐ Grand Midway Investments, LLC | 17-12628 (KJC) |
| ☐ 695 Buggy Circle, LLC | 18-10670 (KJC) | ☐ Gravenstein Investments, LLC | 17-12632 (KJC) |
| ☐ Addison Park Investments, LLC | 17-12563 (KJC) | ☐ Green Gables Investments, LLC | 17-12637 (KJC) |
| ☐ Anchorpoint Investments, LLC | 17-12566 (KJC) | ☐ Grenadier Investments, LLC | 17-12643 (KJC) |
| ☐ Arborvitae Investments, LLC | 17-12572 (KJC) | ☐ Grumblethorpe Investments, LLC | 17-12649 (KJC) |
| ☐ Archivolt Investments, LLC | 17-12574 (KJC) | ☐ H10 Deerfield Park Holding Company, LLC | 18-10674 (KJC) |
| ☐ Arlington Ridge Investments, LLC | 17-12576 (KJC) | ☐ H11 Silk City Holding Company, LLC | 17-12833 (KJC) |
| ☐ Arrowpoint Investments, LLC | 17-12578 (KJC) | ☐ H12 White Birch Holding Company, LLC | 17-12699 (KJC) |
| ☐ Baleroy Investments, LLC | 17-12580 (KJC) | ☐ H13 Bay Village Holding Company, LLC | 17-12591 (KJC) |
| ☐ Basswood Holding, LLC | 17-12600 (KJC) | ☐ H14 Dixville Notch Holding Company, LLC | 17-12712 (KJC) |
| ☐ Bay Village Investments, LLC | 17-12604 (KJC) | ☐ H15 Bear Brook Holding Company, LLC | 17-12607 (KJC) |
| ☐ Bear Brook Investments, LLC | 17-12810 (KJC) | ☐ H16 Monadnock Holding Company, LLC | 17-12678 (KJC) |
| ☐ Beech Creek Investments, LLC | 17-12616 (KJC) | ☐ H17 Pemigewasset Holding Company, LLC | 17-12799 (KJC) |
| ☐ Bellflower Funding, LLC | 18-10507 (KJC) | ☐ H18 Massabesic Holding Company, LLC | 18-10287 (KJC) |
| ☐ Bishop White Investments, LLC | 17-12623 (KJC) | ☐ H19 Emerald Lake Holding Company, LLC | 17-12785 (KJC) |
| ☐ Black Bass Investments, LLC | 17-12641 (KJC) | ☐ H2 Arlington Ridge Holding Company, LLC | 17-12575 (KJC) |
| ☐ Black Locust Investments, LLC | 17-12648 (KJC) | ☐ H20 Bluff Point Holding Company, LLC | 17-12715 (KJC) |
| ☐ Blazingstar Funding, LLC | 18-10671 (KJC) | ☐ H21 Summerfree Holding Company, LLC | 17-12631 (KJC) |
| ☐ Bluff Point Investments, LLC | 17-12722 (KJC) | ☐ H22 Papirovka Holding Company, LLC | 17-12770 (KJC) |
| ☐ Bowman Investments, LLC | 17-12753 (KJC) | ☐ H23 Pinova Holding Company, LLC | 17-12810 (KJC) |
| ☐ Bramley Investments, LLC | 17-12769 (KJC) | ☐ H24 Stayman Holding Company, LLC | 17-12590 (KJC) |
| ☐ Brise Soleil Investments, LLC | 17-12762 (KJC) | ☐ H25 Elstar Holding Company, LLC | 17-12779 (KJC) |
| ☐ Broadsands Investments, LLC | 17-12777 (KJC) | ☐ H26 Gravenstein Holding Company, LLC | 17-12630 (KJC) |
| ☐ Brynderwen Investments, LLC | 17-12793 (KJC) | ☐ H27 Grenadier Holding Company, LLC | 17-12642 (KJC) |
| ☐ Buggy Circle Holdings, LLC | 18-10672 (KJC) | ☐ H28 Black Locust Holding Company, LLC | 17-12647 (KJC) |
| ☐ Cablestay Investments, LLC | 17-12798 (KJC) | ☐ H29 Zestar Holding Company, LLC | 17-12789 (KJC) |
| ☐ Cannington Investments, LLC | 17-12803 (KJC) | ☐ H30 Silver Maple Holding Company, LLC | 17-12835 (KJC) |
| ☐ Carbondale Doocy, LLC | 17-12805 (KJC) | ☐ H31 Addison Park Holding Company, LLC | 17-12562 (KJC) |
| ☐ Carbondale Glen Lot A-5, LLC | 17-12807 (KJC) | ☐ H32 Arborvitae Holding Company, LLC | 17-12567 (KJC) |
| ☐ Carbondale Glen Lot D-22, LLC | 17-12809 (KJC) | ☐ H33 Hawthorn Holding Company, LLC | 18-10288 (KJC) |
| ☐ Carbondale Glen Lot E-24, LLC | 17-12811 (KJC) | ☐ H35 Hornbeam Holding Company, LLC | 17-12691 (KJC) |
| ☐ Carbondale Glen Lot GV-13, LLC | 17-12813 (KJC) | ☐ H36 Sturmer Pippin Holding Company, LLC | 17-12625 (KJC) |
| ☐ Carbondale Glen Lot L-2, LLC | 18-10284 (KJC) | ☐ H37 Idared Holding Company, LLC | 17-12697 (KJC) |
| ☐ Carbondale Glen Lot SD-14, LLC | 17-12817 (KJC) | ☐ H38 Mutsu Holding Company, LLC | 17-12711 (KJC) |
| ☐ Carbondale Glen Lot SD-23, LLC | 17-12815 (KJC) | ☐ H39 Haralson Holding Company, LLC | 17-12661 (KJC) |
| ☐ Carbondale Glen Mesa Lot 19, LLC | 17-12819 (KJC) | ☐ H4 Pawtuckaway Holding Company, LLC | 17-12778 (KJC) |
| ☐ Carbondale Glen River Mesa, LLC | 17-12820 (KJC) | ☐ H40 Bramley Holding Company, LLC | 17-12766 (KJC) |
| ☐ Carbondale Glen Sundance Ponds, LLC | 17-12822 (KJC) | ☐ H41 Grumblethorpe Holding Company, LLC | 17-12646 (KJC) |
| ☐ Carbondale Glen Sweetgrass Vista, LLC | 17-12564 (KJC) | ☐ H43 Lenni Heights Holding Company, LLC | 17-12717 (KJC) |
| ☐ Carbondale Peaks Lot L-1, LLC | 18-10286 (KJC) | ☐ H44 Green Gables Holding Company, LLC | 17-12634 (KJC) |
| ☐ Carbondale Spruce 101, LLC | 17-12568 (KJC) | ☐ H46 Beech Creek Holding Company, LLC | 17-12612 (KJC) |
| ☐ Carbondale Sundance Lot 15, LLC | 17-12569 (KJC) | ☐ H47 Summit Cut Holding Company, LLC | 17-12638 (KJC) |
| ☐ Carbondale Sundance Lot 16, LLC | 17-12570 (KJC) | ☐ H49 Bowman Holding Company, LLC | 17-12725 (KJC) |
| ☐ Castle Pines Investments, LLC | 17-12581 (KJC) | ☐ H5 Chestnut Ridge Holding Company, LLC | 17-12608 (KJC) |
| ☐ Centershot Investments, LLC | 17-12588 (KJC) | ☐ H50 Sachs Bridge Holding Company, LLC | 18-10289 (KJC) |
| ☐ Chaplin Investments, LLC | 17-12592 (KJC) | ☐ H51 Old Carbon Holding Company, LLC | 17-12738 (KJC) |
| ☐ Chestnut Investments, LLC | 17-12603 (KJC) | ☐ H52 Willow Grove Holding Company, LLC | 17-12729 (KJC) |
| ☐ Chestnut Ridge Investments, LLC | 17-12614 (KJC) | ☐ H53 Black Bass Holding Company, LLC | 17-12639 (KJC) |
| ☐ Clover Basin Investments, LLC | 17-12621 (KJC) | ☐ H54 Seven Stars Holding Company, LLC | 17-12831 (KJC) |
| ☐ Coffee Creek Investments, LLC | 17-12627 (KJC) | ☐ H55 Old Maitland Holding Company, LLC | 17-12747 (KJC) |
| ☐ Craven Investments, LLC | 17-12636 (KJC) | ☐ H56 Craven Holding Company, LLC | 17-12633 (KJC) |
| ☐ Crossbeam Investments, LLC | 17-12650 (KJC) | ☐ H58 Baleroy Holding Company, LLC | 17-12579 (KJC) |
| ☐ Crowfield Investments, LLC | 17-12660 (KJC) | ☐ H59 Rising Sun Holding Company, LLC | 17-12827 (KJC) |
| ☐ Crystal Valley Holdings, LLC | 17-12666 (KJC) | ☐ H6 Lilac Meadow Holding Company, LLC | 17-12724 (KJC) |
| ☐ Crystal Woods Investments, LLC | 17-12676 (KJC) | ☐ H60 Moravian Holding Company, LLC | 17-12886 (KJC) |
| ☐ Cuco Settlement, LLC | 17-12879 (KJC) | ☐ H61 Grand Midway Holding Company, LLC | 17-12626 (KJC) |
| ☐ Daleville Investments, LLC | 17-12687 (KJC) | ☐ H64 Pennhurst Holding Company, LLC | 18-10290 (KJC) |
| ☐ Deerfield Park Investments, LLC | 18-10673 (KJC) | ☐ H65 Thornbury Farm Holding Company, LLC | 17-12644 (KJC) |
| ☐ Derbyshire Investments, LLC | 17-12896 (KJC) | ☐ H66 Heilbron Manor Holding Company, LLC | 17-12677 (KJC) |
| ☐ Diamond Cove Investments, LLC | 17-12705 (KJC) | ☐ H68 Graeme Park Holding Company, LLC | 17-12620 (KJC) |
| ☐ Dixville Notch Investments, LLC | 17-12716 (KJC) | ☐ H7 Dogwood Valley Holding Company, LLC | 17-12721 (KJC) |
| ☐ Dogwood Valley Investments, LLC | 17-12727 (KJC) | ☐ H70 Bishop White Holding Company, LLC | 17-12619 (KJC) |
| ☐ Dollis Brook Investments, LLC | 17-12735 (KJC) | ☐ H74 Imperial Aly Holding Company, LLC | 17-12704 (KJC) |
| ☐ Donnington Investments, LLC | 17-12744 (KJC) | ☐ H76 Diamond Cove Holding Company, LLC | 17-12700 (KJC) |
| ☐ Doubleleaf Investments, LLC | 17-12755 (KJC) | ☐ H8 Melody Lane Holding Company, LLC | 17-12756 (KJC) |
| ☐ Drawspan Investments, LLC | 17-12767 (KJC) | ☐ H9 Strawberry Fields Holding Company, LLC | 17-12609 (KJC) |
| ☐ Eldredge Investments, LLC | 17-12775 (KJC) | ☐ Hackmatack Investments, LLC | 17-12653 (KJC) |
| ☐ Elstar Investments, LLC | 17-12782 (KJC) | ☐ Haffenburg Investments, LLC | 17-12659 (KJC) |
| ☐ Emerald Lake Investments, LLC | 17-12788 (KJC) | ☐ Haralson Investments, LLC | 17-12663 (KJC) |
| ☐ Fieldpoint Investments, LLC | 17-12794 (KJC) | ☐ Harringworth Investments, LLC | 17-12669 (KJC) |
| ☐ Franconia Notch Investments, LLC | 17-12797 (KJC) | ☐ Hawthorn Investments, LLC | 18-10291 (KJC) |
| ☐ Frog Rock Investments, LLC | 18-10733 (KJC) | ☐ Hazelpoint Investments, LLC | 17-12674 (KJC) |
| ☐ Gateshead Investments, LLC | 17-12597 (KJC) | ☐ Heilbron Manor Investments, LLC | 17-12681 (KJC) |
| ☐ Glenn Rich Investments, LLC | 17-12602 (KJC) | ☐ Hollyline Holdings, LLC | 17-12684 (KJC) |
| ☐ Goose Rocks Investments, LLC | 17-12611 (KJC) | ☐ Hollyline Owners, LLC | 17-12688 (KJC) |
| ☐ Goosebrook Investments, LLC | 17-12617 (KJC) | ☐ Hornbeam Investments, LLC | 17-12694 (KJC) |
| ☐ Graeme Park Investments, LLC | 17-12622 (KJC) | ☐ Idared Investments, LLC | 17-12701 (KJC) |

page 1

# EXHIBIT A
Please select **only** one debtor

| Name of Debtor: | Case No. | Name of Debtor: | Case No. |
|---|---|---|---|
| ☐ Imperial Aly Investments, LLC | 17-12708 (KJC) | ☐ M96 Lilac Valley Holding Company, LLC | 18-10295 (KJC) |
| ☐ Ironsides Investments, LLC | 17-12714 (KJC) | ☐ M97 Red Wood Holding Company, LLC | 17-12823 (KJC) |
| ☐ Kirkstead Investments, LLC | 18-10675 (KJC) | ☐ M99 Ironsides Holding Company, LLC | 17-12710 (KJC) |
| ☐ Lenni Heights Investments, LLC | 17-12720 (KJC) | ☐ Mason Run Investments, LLC | 17-12751 (KJC) |
| ☐ Lilac Meadow Investments, LLC | 17-12728 (KJC) | ☐ Massabesic Investments, LLC | 18-10293 (KJC) |
| ☐ Lilac Valley Investments, LLC | 18-10292 (KJC) | ☐ Melody Lane Investments, LLC | 17-12757 (KJC) |
| ☐ Lincolnshire Investments, LLC | 17-12733 (KJC) | ☐ Merrimack Valley Investments, LLC | 17-12665 (KJC) |
| ☐ Lonetree Investments, LLC | 17-12740 (KJC) | ☐ Mineola Investments, LLC | 17-12673 (KJC) |
| ☐ Longbourn Investments, LLC | 17-12746 (KJC) | ☐ Monadnock Investments, LLC | 17-12682 (KJC) |
| ☐ M10 Gateshead Holding Company, LLC | 17-12593 (KJC) | ☐ Moravian Investments, LLC | 17-12690 (KJC) |
| ☐ M11 Anchorpoint Holding Company, LLC | 17-12565 (KJC) | ☐ Mount Washington Investments, LLC | 18-10736 (KJC) |
| ☐ M13 Cablestay Holding Company, LLC | 17-12795 (KJC) | ☐ Mountain Spring Investments, LLC | 17-12698 (KJC) |
| ☐ M14 Crossbeam Holding Company, LLC | 17-12645 (KJC) | ☐ Mt. Holly Investments, LLC | 17-12707 (KJC) |
| ☐ M15 Doubleleaf Holding Company, LLC | 17-12749 (KJC) | ☐ Mutsu Investments, LLC | 17-12719 (KJC) |
| ☐ M16 Kirkstead Holding Company, LLC | 18-10676 (KJC) | ☐ Newville Investments, LLC | 17-12734 (KJC) |
| ☐ M17 Lincolnshire Holding Company, LLC | 17-12730 (KJC) | ☐ Old Carbon Investments, LLC | 17-12743 (KJC) |
| ☐ M19 Arrowpoint Holding Company, LLC | 17-12577 (KJC) | ☐ Old Maitland Investments, LLC | 17-12752 (KJC) |
| ☐ M22 Drawspan Holding Company, LLC | 17-12764 (KJC) | ☐ Owl Ridge Investments, LLC | 17-12763 (KJC) |
| ☐ M24 Fieldpoint Holding Company, LLC | 17-12791 (KJC) | ☐ Papirovka Investments, LLC | 17-12774 (KJC) |
| ☐ M25 Centershot Holding Company, LLC | 17-12583 (KJC) | ☐ Pawtuckaway Investments, LLC | 17-12783 (KJC) |
| ☐ M26 Archivolt Holding Company, LLC | 17-12573 (KJC) | ☐ Pemberley Investments, LLC | 17-12790 (KJC) |
| ☐ M27 Brise Soleil Holding Company, LLC | 17-12760 (KJC) | ☐ Pemigewasset Investments, LLC | 17-12800 (KJC) |
| ☐ M28 Broadsands Holding Company, LLC | 17-12773 (KJC) | ☐ Pennhurst Investments, LLC | 18-10296 (KJC) |
| ☐ M29 Brynderwen Holding Company, LLC | 17-12781 (KJC) | ☐ Pepperwood Investments, LLC | 17-12804 (KJC) |
| ☐ M31 Cannington Holding Company, LLC | 17-12801 (KJC) | ☐ Pinney Investments, LLC | 17-12808 (KJC) |
| ☐ M32 Dollis Brook Holding Company, LLC | 17-12731 (KJC) | ☐ Pinova Investments, LLC | 17-12812 (KJC) |
| ☐ M33 Harringworth Holding Company, LLC | 17-12667 (KJC) | ☐ Quarterpost Investments, LLC | 17-12816 (KJC) |
| ☐ M34 Quarterpost Holding Company, LLC | 17-12814 (KJC) | ☐ Red Woods Investments, LLC | 17-12824 (KJC) |
| ☐ M36 Springline Holding Company, LLC | 17-12584 (KJC) | ☐ Ridgecrest Investments, LLC | 17-12821 (KJC) |
| ☐ M37 Topchord Holding Company, LLC | 17-12662 (KJC) | ☐ Riley Creek Investments, LLC | 17-12826 (KJC) |
| ☐ M38 Pemberley Holding Company, LLC | 17-12787 (KJC) | ☐ Rising Sun Investments, LLC | 17-12828 (KJC) |
| ☐ M39 Derbyshire Holding Company, LLC | 17-12692 (KJC) | ☐ Sachs Bridge Investments, LLC | 18-10297 (KJC) |
| ☐ M40 Longbourn Holding Company, LLC | 17-12742 (KJC) | ☐ Sagebrook Investments, LLC | 18-10230 (KJC) |
| ☐ M41 Silverthorne Holding Company, LLC | 17-12838 (KJC) | ☐ Seven Stars Investments, LLC | 17-12832 (KJC) |
| ☐ M43 White Dome Holding Company, LLC | 17-12706 (KJC) | ☐ Silk City Investments, LLC | 17-12834 (KJC) |
| ☐ M44 Wildernest Holding Company, LLC | 17-12718 (KJC) | ☐ Silver Maple Investments, LLC | 17-12836 (KJC) |
| ☐ M45 Clover Basin Holding Company, LLC | 17-12618 (KJC) | ☐ Silverleaf Funding, LLC | 17-12837 (KJC) |
| ☐ M46 Owl Ridge Holding Company, LLC | 17-12759 (KJC) | ☐ Silverthorne Investments, LLC | 17-12582 (KJC) |
| ☐ M48 Vallecito Holding Company, LLC | 17-12670 (KJC) | ☐ Springline Investments, LLC | 17-12585 (KJC) |
| ☐ M49 Squaretop Holding Company, LLC | 17-12588 (KJC) | ☐ Springvale Investments, LLC | 18-10298 (KJC) |
| ☐ M5 Stepstone Holding Company, LLC | 17-12601 (KJC) | ☐ Squaretop Investments, LLC | 17-12589 (KJC) |
| ☐ M50 Wetterhorn Holding Company, LLC | 17-12689 (KJC) | ☐ Stayman Investments, LLC | 17-12594 (KJC) |
| ☐ M51 Coffee Creek Holding Company, LLC | 17-12624 (KJC) | ☐ Steele Hill Investments, LLC | 17-12598 (KJC) |
| ☐ M53 Castle Pines Holding Company, LLC | 17-12571 (KJC) | ☐ Stepstone Investments, LLC | 17-12606 (KJC) |
| ☐ M54 Lonetree Holding Company, LLC | 17-12737 (KJC) | ☐ Strawberry Fields Investments, LLC | 17-12613 (KJC) |
| ☐ M56 Haffenburg Holding Company, LLC | 17-12656 (KJC) | ☐ Sturmer Pippin Investments, LLC | 17-12629 (KJC) |
| ☐ M57 Ridgecrest Holding Company, LLC | 17-12818 (KJC) | ☐ Summerfree Investments, LLC | 17-12635 (KJC) |
| ☐ M58 Springvale Holding Company, LLC | 18-10294 (KJC) | ☐ Summit Cut Investments, LLC | 17-12640 (KJC) |
| ☐ M60 Thunder Basin Holding Company, LLC | 17-12654 (KJC) | ☐ Thornbury Farm Investments, LLC | 17-12651 (KJC) |
| ☐ M61 Mineola Holding Company, LLC | 17-12668 (KJC) | ☐ Thunder Basin Investments, LLC | 17-12657 (KJC) |
| ☐ M62 Sagebrook Holding Company, LLC | 17-12829 (KJC) | ☐ Topchord Investments, LLC | 17-12664 (KJC) |
| ☐ M63 Crowfield Holding Company, LLC | 17-12655 (KJC) | ☐ Vallecito Investments, LLC | 17-12675 (KJC) |
| ☐ M67 Mountain Spring Holding Company, LLC | 17-12695 (KJC) | ☐ Varga Investments, LLC | 17-12685 (KJC) |
| ☐ M68 Goosebrook Holding Company, LLC | 17-12615 (KJC) | ☐ Wall 123, LLC | 18-10508 (KJC) |
| ☐ M70 Pinney Holding Company, LLC | 17-12806 (KJC) | ☐ Wetterhorn Investments, LLC | 17-12693 (KJC) |
| ☐ M71 Eldredge Holding Company, LLC | 17-12771 (KJC) | ☐ White Birch Investments, LLC | 17-12702 (KJC) |
| ☐ M72 Daleville Holding Company, LLC | 17-12683 (KJC) | ☐ White Dome Investments, LLC | 17-12709 (KJC) |
| ☐ M73 Mason Run Holding Company, LLC | 17-12748 (KJC) | ☐ Whiteacre Funding, LLC | 17-12713 (KJC) |
| ☐ M74 Varga Holding Company, LLC | 17-12680 (KJC) | ☐ Wildernest Investments, LLC | 17-12723 (KJC) |
| ☐ M75 Riley Creek Holding Company, LLC | 17-12825 (KJC) | ☐ Willow Grove Investments, LLC | 17-12732 (KJC) |
| ☐ M76 Chaplin Holding Company, LLC | 17-12587 (KJC) | ☐ Winding Road Investments, LLC | 17-12739 (KJC) |
| ☐ M77 Frog Rock Holding Company, LLC | 18-10734 (KJC) | ☐ WMF Management, LLC | 17-12745 (KJC) |
| ☐ M79 Chestnut Holding Company, LLC | 17-12595 (KJC) | ☐ Woodbridge Capital Investments, LLC | 17-12750 (KJC) |
| ☐ M80 Hazelpoint Holding Company, LLC | 17-12672 (KJC) | ☐ Woodbridge Commercial Bridge Loan Fund 1, LLC | 17-12754 (KJC) |
| ☐ M83 Mt. Holly Holding Company, LLC | 17-12703 (KJC) | ☐ Woodbridge Commercial Bridge Loan Fund 2, LLC | 17-12758 (KJC) |
| ☐ M85 Glenn Rich Holding Company, LLC | 17-12599 (KJC) | ☐ Woodbridge Commercial Bridge Loan Fund 2, LLC | 17-12758 (KJC) |
| ☐ M86 Steele Hill Holding Company, LLC | 17-12596 (KJC) | ☐ Woodbridge Group of Companies, LLC | 17-12560 (KJC) |
| ☐ M87 Hackmatack Hills Holding Company, LLC | 17-12652 (KJC) | ☐ Woodbridge Investments, LLC | 17-12761 (KJC) |
| ☐ M88 Franconia Notch Holding Company, LLC | 17-12796 (KJC) | ☐ Woodbridge Mezzanine Fund 1, LLC | 17-12765 (KJC) |
| ☐ M89 Mount Washington Holding Company, LLC | 18-10735 (KJC) | ☐ Woodbridge Mortgage Investment Fund 1, LLC | 17-12768 (KJC) |
| ☐ M9 Donnington Holding Company, LLC | 17-12741 (KJC) | ☒ Woodbridge Mortgage Investment Fund 2, LLC | 17-12772 (KJC) |
| ☐ M90 Merrimack Valley Holding Company, LLC | 17-12658 (KJC) | ☐ Woodbridge Mortgage Investment Fund 3, LLC | 17-12776 (KJC) |
| ☐ M91 Newville Holding Company, LLC | 17-12726 (KJC) | ☐ Woodbridge Mortgage Investment Fund 3A, LLC | 17-12780 (KJC) |
| ☐ M92 Crystal Woods Holding Company, LLC | 17-12671 (KJC) | ☐ Woodbridge Mortgage Investment Fund 4, LLC | 17-12784 (KJC) |
| ☐ M93 Goose Rocks Holding Company, LLC | 17-12605 (KJC) | ☐ Woodbridge Structured Funding, LLC | 17-12786 (KJC) |
| ☐ M94 Winding Road Holding Company, LLC | 17-12736 (KJC) | ☐ Zestar Investments, LLC | 17-12792 (KJC) |
| ☐ M95 Pepperwood Holding Company, LLC | 17-12802 (KJC) | | |

page 2

# WOODBRIDGE

### MORTGAGE INVESTMENT FUND 2, LLC

July 10, 2014

Mr. James D. Helgeson
710 Grand Avenue, Ste 1
Billings, MT 59101

RE: Real Estate Unit Purchase Terms

Dear Mr. Helgeson,

We wanted to welcome you as a new investor with Woodbridge Mortgage Investment Fund 2, LLC.

Enclosed please find a copy of the executed subscription agreement for your records.

Beginning on the first of every month, you will receive an interest check. If you purchased your unit in the middle of the month, you will receive a pro-rated amount for your first month.

This is an exciting business which is expanding quickly and I'm sure you'll enjoy being a part of it.

If you have any questions, please contact myself or Diana Balayan.

Very Truly Yours,

Robert Shapiro

## FOR YOUR RECORDS

SUBSCRIBER:
Provident Trust Group, LLC
FBO James D. Helgeson IRA   Dated: _6-17-14_
PURCHASER:

_0.56_
No. of Units for which
Subscriber subscribed

_____
Signature
Name: _____
Title: _____

**ACKNOWLEDGED:**

Signature
Name: _James D Helgeson_
Title: _____

Address: Mail Documents
710 Grand Ave St 1
Billings   MT 59 101

$ _56,000.00_
Aggregate Purchase Price

Mail Checks to:

Provident Trust
Acct # 140500151
8880 W. Sunset Rd Ste 250
Las Vegas NV  89148

████████-9752
Tax Identification or Social Security Number

The foregoing subscription is accepted and the Company hereby agrees to be bound by its terms.

WOODBRIDGE MORTGAGE
INVESTMENT FUND 2, LLC

By:   WMF Management, LLC, its
      Managing Member

By: _____
Robert Shapiro, Duly Authorized

Dated: _____, 2014

50

Confidential – Do not distribute

**SUBSCRIBER:** Provident Trust Group, LLC
FBO James D. Helgeson IRA    Dated: 6-17-14
**PURCHASER:**

_____
Signature

Name: THERESA FETTE

Title: CFO

**ACKNOWLEDGED:**

_____
Signature

Name: James D Helgeson

Title: _____

Address: Mail Documents
710 Grand Ave Ste 1
Billings  MT 59 101

_____

0.56
No. of Units for which
Subscriber subscribed

$56,000.00
Aggregate Purchase Price

Mail Checks to:
Provident Trust
Acct # 14050 0151
888 0 W. Sunset Rd Ste 250
Las Vegas NV 89148

███████-9752
Tax Identification or Social Security Number

The foregoing subscription is accepted and the Company hereby agrees to be bound by its terms.

**WOODBRIDGE MORTGAGE
INVESTMENT FUND 2, LLC**

By:    WMF Management, LLC, its
Managing Member

By: _____
Robert Shapiro, Duly Authorized

Dated: _____, 2014

50

Confidential – Do not distribute

June 17, 2014

Woodbridge Mortgage Investment Fund 2, LLC
14225 Ventura Boulevard
Suite 100
Sherman Oaks, California 91423

      RE:    Accredited Investor Certification

Gentlemen:

      The undersigned (the "Subscriber") is providing this affidavit (this "Affidavit") to Woodbridge Mortgage Investment Fund 2, LLC, a Delaware limited liability company (the "Company"), in connection with the Subscriber's purchase of 0.56 Units in the Company pursuant to that certain Subscription Agreement dated as of June 17, 2014 between the Company and the Subscriber. The Company has deemed it necessary and appropriate for the Subscriber to confirm his/her/its status as an "accredited investor", as such term is defined in Rule 501(a) of Regulation D promulgated under the Securities Act of 1933, as amended (the "Act"), as a condition precedent to effecting the admission of the Subscriber as a Unitholder in the Company. Capitalized terms used and not otherwise defined herein shall have the respective meanings ascribed to them in the Operating Agreement of the Company.

      The Subscriber represents to the Company that he/she/it will notify the Company immediately of any material change in any representation made herein occurring prior to the closing of the consummation of the Unit purchase.

      The Subscriber represents and warrants to the Company that he/she/it is an "accredited investor" as such term is defined in Rule 501(a) of Regulation D promulgated under the Act because he/she/it is: (check each applicable statement).

      A natural person whose individual net worth[1] (or joint net worth with his/her spouse) exceeds $1,000,000;

      A natural person with an individual income[2] in excess of $200,000 in each of the two (2) most recent years and who reasonably expects to have an individual income in excess of $200,000 in the current year or had

---

[1] "Net worth" means the excess of total assets at fair market value, including real estate and personal property, BUT EXCLUDING the individual's primary residence, over total liabilities, including mortgage debt.

[2] "Individual income" means adjusted gross income as reported for federal income tax purposes, less any income attributable to a spouse or property owned by a spouse, increased by the following amounts (but not including any amounts attributable to a spouse or to property owned by a spouse): (i) the amount of any interest income received which is tax-exempt under section 103 of the Internal Revenue Code, (ii) the amount of losses claimed as a limited partner (as reported on Schedule E of IRS Form 1040), (iii) any deduction claimed for depletion under section 611 et seq. of the Internal Revenue Code, and (iv) any amount by which income from long-term capital gains has been reduced in arriving at adjusted gross income pursuant to the provisions of section 1202 of the Internal Revenue Code prior to its repeal by the Tax Reform Act of 1986.

52

Confidential - Do not distribute

"joint income"[3] in excess of $300,000 in each of the two (2) most recent years and reasonably expects to have "joint income" in excess of $300,000 in the current year;

A trust with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the limited Company interests being subscribed for in connection herewith, if the purchase is directed by a person with knowledge and experience in financial and business matters sufficient to evaluate the merits and risks of the proposed investment;

A bank as defined in Section 3(a)(2) of the Act or a savings and loan association or other institution defined in Section 3(a)(5)(A) of the Act, whether acting in its individual or fiduciary capacity;

A broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934;

An insurance company as defined in Section 2(13) of the Act;

An investment company registered under the Investment Company Act of 1940 or a business development company as defined in Section 2(a)(48) of that Act;

A Small Business Investment Company licensed by the U.S. Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958;

A plan established and maintained by a state, its political subdivisions, or an agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, which plan has total assets in excess of $5,000,000;

An employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, if any one of the following criteria is satisfied: (i) the investment decision is made by a plan fiduciary, as defined in Section 3(21) of such Act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or (ii) the employee benefit plan has total assets in excess of $5,000,000 or (iii) if a self-directed plan, the investment

---

[3] "Joint income" means adjusted gross income as reported for federal income tax purposes, including any income attributable to a spouse or to property owned by a spouse, increased by the following amounts (including any amounts attributable to a spouse or to property owned by a spouse): (i) the amount of any interest income received which is tax-exempt under section 103 of the Internal Revenue Code, (ii) the amount of losses claimed as a limited partner (as reported on Schedule E of IRS Form 1040), (iii) any deduction claimed for depletion under section 611 et seq. of the Internal Revenue Code, and (iv) any amount by which income from long-term capital gains has been reduced in arriving at adjusted gross income pursuant to the provisions of section 1202 of the Internal Revenue Code prior to its repeal by the Tax Reform Act of 1986.

53

Confidential - Do not distribute

decisions are made solely by persons that are accredited investors as defined under Rule 501(a) of Regulation D promulgated under the Act;

_____    A private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940;

_____    An organization described in Section 501(c)(3) of the Internal Revenue Code, a corporation, a business trust, or a Company, not formed for the specific purpose of acquiring the limited Company interests subscribed for hereby, with total assets in excess of $5,000,000; or

_____    An entity in which all of the equity owners are accredited investors.

The Subscriber hereby represents and warrants that all statements and information set forth in this Affidavit are true and correct on the date hereof.

IN WITNESS WHEREOF, the Subscriber has executed this Affidavit on the date first set forth above.

Provident Trust Group LLC
FBO James D. Helgeson IRA

_____
Name(s) Typed or Printed

**PURCHASER:**


_____
Signature
Name:
Title:

**ACKNOWLEDGED:**

X _____
Signature
Name: James D Helgeson
Title:

54

Confidential – Do not distribute

decisions are made solely by persons that are accredited investors as defined under Rule 501(a) of Regulation D promulgated under the Act;

_____ A private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940;

_____ An organization described in Section 501(c)(3) of the Internal Revenue Code, a corporation, a business trust, or a Company, not formed for the specific purpose of acquiring the limited Company interests subscribed for hereby, with total assets in excess of $5,000,000; or

_____ An entity in which all of the equity owners are accredited investors.

The Subscriber hereby represents and warrants that all statements and information set forth in this Affidavit are true and correct on the date hereof.

IN WITNESS WHEREOF, the Subscriber has executed this Affidavit on the date first set forth above.

Provident Trust Group, LLC
FBO James Helgeson IRA
Name(s) Typed or Printed

**PURCHASER:**

Signature
Name: Theresa Fette
Title: CEO

**ACKNOWLEDGED:**

Signature
Name: James D Helgeson
Title:

54

Confidential – Do not distribute

IN WITNESS WHEREOF, the parties have executed, or caused this Agreement to be executed, as of the date set forth herein above.

UNITHOLDERS:

Provident Trust Group, LLC
FBO James Helgeson IRA

Date: 6/12/14

Name: Theresa Fette. CEO

Confidential - Do not distribute

## EXHIBIT C

### JOINDER AGREEMENT

WHEREAS, the undersigned is becoming the holder of a membership interest or a Unit (all individually an "Interest") in **Woodbridge Mortgage Investment Fund 2, LLC** (the "Company") simultaneously with the execution hereof; and

WHEREAS, as a condition to the acquisition of such Interest, the undersigned has agreed to execute this Joinder Agreement (this "Agreement") to become a party to the Operating Agreement of the Company dated as of December 6, 2013, as the same may have been amended (the "Operating Agreement"); and

WHEREAS, the undersigned understands that execution of this Agreement is a condition precedent to the undersigned's becoming the holder of such Interest.

NOW, THEREFORE, to satisfy this precondition and in consideration of the benefits of the Operating Agreement available to the holder of such an Interest, the undersigned agrees as follows:

1.       The undersigned hereby agrees that upon delivery of this Joinder Agreement the undersigned will become, without any further documentation or action on the part of the undersigned, or any other person or entity, a party to the Operating Agreement and will be bound by the terms, conditions and representations applicable to the holders of whatever Interests are held by the undersigned contained in the Operating Agreement as of the date this Agreement is signed, once any other preconditions to the transfer of such Interest have been satisfied to the satisfaction of the Company as indicated by its acceptance of this Agreement below. The undersigned will be bound by the Operating Agreement as though the undersigned was an original party thereto.

2.       The undersigned hereby further agrees that this Joinder Agreement shall be construed to be an executed and delivered signature page to the Operating Agreement and that, as

92

Confidential - Do not distribute

such, may be used by the Company to evidence that the undersigned is a party to the Operating Agreement.

3.    All capitalized terms used in this Joinder Agreement which are not defined herein shall have the meaning given to them in the Operating Agreement.

IN WITNESS WHEREOF, the undersigned has executed this Joinder Agreement this ___ day of _June_ ___, 201 4

**PURCHASER:**

_____

Name:

**ACKNOWLEDGED:**

_____

Name: _James D Helgeson_

Accepted:

**WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC**

By: _____
Robert Shapiro, Duly Authorized

93

Confidential -- Do not distribute

# PRIORITY®
## ★ MAIL ★

POSTAGE REQUIRED

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

 INSURANCE INCLUDED*

 PICKUP AVAILABLE

*Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

**P**

US POSTAGE & FEES PAID
PRIORITY MAIL
FLAT-RATE ENVELOPE
COMMERCIAL BASE PRICING

062S0006521360
FROM 59101

stamps
endicia
05/10/2018

## PRIORITY MAIL 2-DAY™

Rhonda Peterson                    0004
JDH Financial Services, Inc.
710 Grand Ave Ste 1
Billings MT 59101

B050

SHIP
TO:     Woodbridge Group of Companies, LLC
        C/O GCG
        PO Box 10545
        Dublin OH 43017-0208

### USPS TRACKING #



9405 5118 9956 0934 2709 75

 UNITED STATE
POSTAL SERVIC