**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et, al*.,<br><br>　　　　　　　Remaining Debtors. | Case No. 17-12560 (BLS)<br><br>Chapter 11<br><br>Jointly Administered |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATING TRUST,<br>　　　　　　　Plaintiff,<br>v.<br><br>JAMES E. CAMPBELL, JR. INC. (D/B/A CAMPBELL FINANCIAL CORP.) and JAMES E. CAMPBELL, JR.<br><br>　　　　　　　Defendants. | Adversary<br>Case No.: 19-50965- JKS |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND**
<u>**JAMES E. CAMPBELL, JR.'S CROSS MOTION FOR SUMMARY JUDGMENT**</u>

James E. Campbell, Jr. Inc. (d/b/a Campbell Financial Corp.) (the "Corporate Defendant") and James E. Campbell, Jr. ("Mr. Campbell," and collectively, with the Corporate Defendant, "Defendants"), through undersigned counsel, hereby submits their response and opposition to the Motion for Partial Summary Judgment("Motion") filed by Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidating Trust ("Plaintiff"), and states as follows:

**I.　　INTRODUCTION**

Plaintiff's Motion seeks summary judgment on his Second and Fourth Claims for Relief seeking to avoid and recover alleged transfers under section 548(a)(1)(A) of the Bankruptcy

Code[1] and California law for alleged actual fraudulent intent. In addition, Plaintiff seeks summary judgment on his Third and Fifth Claims for Relief seeking to avoid and recover alleged transfers as constructively fraudulent under Section 548(a)(1)(B) and California law[2]. Plaintiff's Motion must fail due to disputed material facts as to who received any alleged transfers and the total amount received by each of the Defendants, as well as Plaintiff's conclusory allegations lumping both Defendants despite there being two separate and distinct defendants to this proceeding. Plaintiff lumps these two parties together throughout his entire motion defined as a single "Defendant" and combines all allegations against them in conclusory statements without distinguishing who received what transfers, when, and what amounts. *See e.g.* Motion at 2, ¶ 3. There are no claims to pierce the corporate veil or allegation of alter ego, and there are two separate and distinct entities. Accordingly, there are genuine issues of material fact as to which defendant received what transfers, when, and in what amounts.

## II. BURDEN OF PROOF, ELEMENTS OF CLAIMS AND DEFENSES, APPLICABLE LAW

### A. SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and

---

[1] Unless otherwise defined herein, capitalized terms refer to the terms as defined in Plaintiff's Motion.

[2] Plaintiff asserts California law applies without providing any support as to its selected choice of law provision. Accordingly, Defendants dispute that California law is applicable to this proceeding. Rather, Delaware or Colorado law would apply herein.

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Only if the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Summary judgment is improper when there is a genuine factual where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *In re Revstone Indus., LLC*, 2019 WL 2929328, at *3 (D. Del. July 8, 2019). Finally, under the summary judgment standard, the Bankruptcy Court was required to "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

When seeking summary judgment, the movant bears the initial burden of "establishing the absence of a genuine issue of material fact." A genuine issue is not simply based on opposing opinions or unsupported assertions but rather on conflicting factual evidence over which "reasonable minds could disagree on the result." Furthermore, a fact is material if it could "alter the outcome of a case." In other words, the movant's goal is "to establish an absence of evidence to support the nonmoving party's case." *In re FBI Wind Down, Inc.*, 614 B.R. 460, 473 (Bankr. D. Del. 2020). This evidence may show that there are "differing versions of the truth which a factfinder must resolve at an ensuing trial." *Id*.

When considering a motion for summary judgment, "the court does not weigh the evidence and determine the truth of the matter; rather, the court determines whether there is a genuine issue for trial." *Id*. The Court must "view the facts in the light most favorable to the nonmoving party

3

and draw all inferences in that party's favor." *Id*. However, where the record could lead reasonable minds to draw "conflicting inferences, summary judgment is improper, and the action must proceed to trial." *Id*. Summary judgment is proper only where one reasonable inference or interpretation of the facts can be drawn in favor of the moving party. *Id*.

"It is axiomatic that summary judgment as to damages can only follow a determination that damages are in fact owed (i.e., that the defendant is actually liable for damages)." *In re Maxus Energy Corp*., 641 B.R. 467, 508 (Bankr. D. Del. 2022). In fact, "[a]warding partial summary judgment on damages issues *which depend upon the resolution of controverted matters* would be tantamount to advisory opinions." *Id*. "It is well-settled law that federal courts will not give advisory opinions." *Id*.

### B. Corporate v. Individual Entities

Under Delaware law, to prevail on an alter ego claim and hold an individual liable for the acts of a corporation, the Plaintiff must show that the Mr. Campbell, an individual, and the Corporate Defendant "operated as a single economic entity that resulted in an overall element of injustice or unfairness." *Trevino v. Merscorp, Inc.,* 583 F.Supp.2d 521, 528 (D. Del. 2008); *Official Comm. of Unsecured Creditors v. Highland Capital Mgmt., L.P. (In re Broadstripe, LLC),* 444 B.R. 51, 101 (Bankr. D. Del. 2010) (citing *Harper v. Delaware Valley Broadcasters, Inc.,* 743 F.Supp. 1076, 1085 (D. Del. 1990), *aff'd* 932 F.2d 959 (3d Cir.1991)). *See also Official Comm. of Unsecured Creditors v. Highland Capital Mgmt., L.P. (In re Moll Indus., Inc.),* 454 B.R. 574, 587 (Bankr. D. Del. 2011).

"Respect for the corporate form is so fundamental that the usual preponderance of the evidence test does not even apply." *In re Opus E., LLC*, 528 B.R. 30, 57-58 (Bankr. D. Del. 2015).

"[T]he appropriate standard of proof by which one must prove a case for a piercing of the corporate veil under Delaware law is, if not a clear and convincing evidence standard, at least somewhat greater than merely a preponderance of the evidence standard." *Id.*; *Brown v. General Elec. Capital Corp. (In re Foxmeyer Corp.),* 290 B.R. 229, 237 (Bankr. D. Del.2003). *See also Lutyk,* 332 F.3d at 188; *Mobil Oil Corp. v. Linear Films, Inc.,* 718 F. Supp. 260, 270 (D.Del.1989).

"Piercing the corporate veil is not to be done lightly, however. Entities should be disregarded only in 'exceptional circumstance' and 'limited liability is the general rule, not the exception.' *In re Opus E., LLC*, 528 B.R. at 57 (citing *Mobil Oil,* 718 F.Supp. at 270). Persuading a Delaware court to disregard the corporate entity is a difficult task, and "[t]he party who wishes the court to disregard that form bears the burden of proving that there are substantial reasons for doing so." *Id.*

### III. FACTS

#### A. PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

The documents referenced by Plaintiff speak for themselves. Plaintiff disputes all statements of undisputed fact to the extent they lump two defendants together and fail to distinguish which defendant to this proceeding such statement applies to. Therefore, Defendants dispute Plaintiff's statement of material facts ¶ 27 through ¶ 33, which contain unsupported and conclusory allegations, and they fail to differentiate between two separate and distinct entities.

#### B. DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS

1. Mr. Campbell is an individual. *See* the Affidavit of James E. Campbell, Jr. attached hereto as **Exhibit 1**.

2. The Corporate Defendant is a separate and distinct entity. Ex. 1, ¶ 2.

3.     The Corporate Defendant was formed as a corporation and applicable documents were filed with the Secretary of State for Colorado. Ex. 1, ¶ 3.

4.     During all applicable times, the Corporate Defendant maintained separate books, records, and accounts. Ex. 1, ¶ 4.

5.     Any and all funds received would have been attributable to the Corporate Defendant and not Mr. Campbell personally. Ex. 1, ¶ 5.

### IV. ARGUMENT

Here, Plaintiff' Motion contains solely conclusory allegations against the Defendants and fails to distinguish which of the Defendants is allegedly liable for each act. Plaintiff lumps Mr. Campbell, an individual, with the Corporate Defendant and fails to identify which allegations are attributable to each entity and fails to identify which transfers were allegedly received by each of the Defendants. Accordingly, Plaintiff's Motion must fail as there are critical material facts as to which of these two district Defendants allegedly engaged in these claimed acts, what transfers were received, by who and in what amounts. Further, Plaintiff's complaint does not bring any claims or allegations to disregard the corporate form or pierce the corporate veil. As set forth in the Affidavit of Mr. Campbell, at all times the Corporate Defendant was operated as separate and distinct entity and maintained corporate formalities. Thus, any such claim to hold Mr. Campbell individually liable for the acts of the Corporate Defendant must fail. Regardless, those claims are not before the Court nor have they been pled by Plaintiff. Plaintiff cannot now through his Motion attempt to hold impose individual liability on Mr. Campbell through conclusory allegations and failing to distinguish the acts and allegations between two distinct defendants. Accordingly, issues of material facts exist, and the Court must deny Plaintiff's Motion.

## V.	CONCLUSION

WHEREFORE, Defendants respectfully requests that the Court deny Plaintiff's Motion.

### JAMES E. CAMPBELL, JR.'S CROSS MOTION FOR SUMMARY JUDGMENT

Under Federal Rule 56(a), summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Counts I through V of the Complaint seek avoidance and recovery of transfers listed on Exhibit A to the Complaint. As evidenced by the documents attached to the Affidavit of James E. Campbell, Jr., <u>none</u> of those transfers were received by Mr. Campbell. Accordingly, Mr. Campbell has no liability relating to the transfers.

WHEREFORE, summary judgment must be granted in favor of Mr. Campbell as to Counts I-V of the Complaint.

December 20, 2024                                         **SEITZ, VAN OGTROP & GREEN, P.A.**

/s/ *James S. Green, Jr.*
James S. Green, Jr. (#4406)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-0600
jsgreen@svglaw.com

Counsel to Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December 2024, a true and correct copy of the foregoing was filed with the Court and served on all counsel of record via ECF.

/s/ James S. Green, Jr.