**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>       Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>       Plaintiff,<br><br>       v.<br><br>JAMES E. CAMPBELL, JR., INC., d/b/a CAMPBELL FINANCIAL CORP., and JAMES E. CAMPBELL, JR.,<br><br>       Defendant. | Adversary Proceeding No. 19-50965-(JKS) |

**DECLARATION OF JEFFREY P. NOLAN
IN REPLY TO AND SUPPORT OF
<u>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

  I, Jeffrey P. Nolan, make this declaration (the "<u>Declaration</u>") pursuant to 28 U.S.C. § 1746 and state as follows:

  1. I am an attorney with Pachulski Stang Ziehl & Jones LLP ("<u>PSZJ</u>"), counsel for Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust ("<u>Plaintiff</u>" or the "<u>Liquidating Trustee</u>"). I am duly admitted toCamp practice in the State of

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

California and am admitted in this case *pro hac vice* before the above-entitled Court. I have personal knowledge of all of the facts in this declaration (the "Declaration") and, if called as a witness, could competently testify to these facts.

2.      I submit this Declaration for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence in support of *Plaintiff's Reply and in Support of Plaintiff's Motion for Partial Summary Judgment* (the "Motion")[2] filed by Plaintiff. I have read the Motion and am generally familiar with the information contained therein.

3.      On December 4, 2017, Woodbridge Group of Companies, LLC and certain of its affiliates commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Other affiliates (collectively, and together with the original debtors, the "Debtors") also filed voluntary chapter 11 cases within the following four months (collectively, the "Chapter 11 Cases").

4.      Attached hereto as **Exhibit A**, is a true and correct copy of the Consent Cease and Desist Order, and related Stipulation For Consent Cease and Desist Order, in Case No. 2017-CDS-044 in the Matter of Woodbridge Group of Companies et al., Timothy C. McGuire, Ronald E. Caskey and James Campbell, Jr., respondents, as retrieved from the State of Colorado, Securities Commissioner, Secretary of State Web portal. Fed. R. Evid. 201(b) provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may also take judicial notice of matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Cir. 2014) (SEC records).  Plaintiff requests the Court take judicial notice of the records from the accessed State of Colorado website: https://www.securities.colorado.gov.

5. Attached as **Exhibit 6** to the *Declaration of Nicholas Troszak In Reply and Support of Plaintiff's Motion for Partial Summary Judgement* are documents produced by Plaintiff responsive to Defendant's Request for Production of Documents propounded upon the Plaintiff which include Comerica Bank statements and cancelled checks as produced by Plaintiff to the Defendant on August 27, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct. Executed on this 3rd day of January, 2025 at Los Angeles, California.

_____
Jeffrey P. Nolan

# EXHIBIT A

BEFORE THE SECURITIES COMMISSIONER
STATE OF COLORADO

Case No. 2017-CDS-044

---

### CONSENT CEASE AND DESIST ORDER

---

IN THE MATTER OF WOODBRIDGE GROUP OF COMPANIES, LLC *et al.*, TIMOTHY C. MCGUIRE, RONALD E. CASKEY, and JAMES E. CAMPBELL, JR.,

Respondents.

---

THIS MATTER is before Gerald Rome, Securities Commissioner for the State of Colorado ("Commissioner"), on the Stipulation for Consent Order ("Stipulation") between the Staff of the Colorado Division of Securities ("Staff") and Respondent James E. Campbell, Jr. ("Campbell"). After reviewing the Stipulation and grounds therein, the Commissioner makes the following Findings and enters the Order as follows:

### FINDINGS

1. The Commissioner has jurisdiction over the Respondent and this matter pursuant to the provisions of the Colorado Securities Act, §§ 11-51-101 through 803, C.R.S.

2. By entering into the Stipulation, Respondent has waived the following rights: (1) to have a formal hearing pursuant to §§ 11-51-606(1) and (1.5), C.R.S.; (2) to be represented by counsel in that action; (3) to present a defense through oral or documentary evidence; (4) to cross-examine witnesses at such hearing; (5) to findings by the Securities Commissioner as required by § 11-51-606(1.5), C.R.S; and (6) to seek judicial review of the Consent Order as provided in §§ 11-51-607 and 24-4-106, C.R.S.

3. Respondent has further waived the findings required by § 11-51-606(1.5)(d)(IV) and does not contest that pursuant to § 11-51-704(2), C.R.S., entry of this Consent Order is necessary and appropriate in the public interest and is consistent with the purposes of the Colorado Securities Act.

4. The Commissioner acknowledges by entering into the Stipulation that Respondent neither admits nor denies that any of the allegations enumerated in Part I of the Stipulation, except to the extent they are included among the stipulations in Part II of the Stipulation, are true.

## ORDER

NOW, THEREFORE, on the basis of the foregoing, it is hereby ORDERED as follows:

1. The Respondent, his officers, directors, agents, employees, and servants, or any person who, directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under the common control with Respondent, who receive actual notice of this Order by personal service or otherwise, are hereby immediately and permanently ordered to cease and desist from engaging in any of the following acts:

    a. Offering or selling unregistered securities in or from the State of Colorado in violation of §§ 11-51-301, C.R.S., *et seq.*, or

    b. Offering to sell or selling any security in or from the State of Colorado unless the Respondent is in compliance with the provisions of §§ 11-51-301, 401, and 501, C.R.S., or

    c. Otherwise engaging in conduct in violation of any provision of the Colorado Securities Act, §§ 11-51-101, C.R.S., *et seq.*

2. The terms of the Stipulation are incorporated into and made a part of this Consent Cease and Desist Order.

3. Campbell shall immediately and permanently cease marketing and selling interests in the FPCM Note Program in Colorado.

4. The Commissioner shall retain jurisdiction over this action to ensure Respondent's compliance with this Order and reserves the power to enter additional orders as needed to ensure the compliance by the Respondent with this Order.

5. In the event Respondent fails to comply with any of the terms or conditions for this Consent Order or the Stipulation, the Commissioner or the Staff, in their sole discretion, may initiate formal enforcement proceedings against Respondent for such noncompliance. The Stipulation and this Consent Order shall be admissible in any such proceeding.

6. This Consent Order, and the terms and conditions herein, shall be binding on all successors and assigns.

DATE: April 5th, 2018

GERALD ROME
Securities Commissioner



BEFORE THE SECURITIES COMMISSIONER

STATE OF COLORADO

Case No. 2017-CDS-044
OAC Case No. XY20170005

## STIPULATION FOR CONSENT CEASE AND DESIST ORDER

IN THE MATTER OF WOODBRIDGE GROUP OF COMPANIES, LLC *et al.*, TIMOTHY C. MCGUIRE, RONALD E. CASKEY, and JAMES E. CAMPBELL, JR.

Respondents.

The Staff of the Colorado Division of Securities ("Staff") and Respondent James E. Campbell, Jr. hereby enter into this Stipulation for Consent Cease and Desist Order in this matter as follows:

### I. Background

1. The Staff conducted an investigation pursuant to § 11-51-601, C.R.S.

2. As a result of its investigation, the Staff alleges that Campbell engaged in the following conduct:

   a. On or about July 2014 and August 2014, Campbell sold a total of $150,000 worth of interests in the Woodbridge First Position Commercial Mortgage Note Program (the "Note Program") to an 80-year old investor in Lake George, Colorado, for which Campbell was paid a commission.

   b. Campbell was not registered with the Colorado Division of Securities at the time of such offer or sale.

   c. The interests in the Woodbridge Note Program sold by Campbell were not registered with the Colorado Division of Securities at the time of such offer or sale.

3. The Staff alleges that the interests in the FPCM Note Program sold by Campbell are securities as defined by § 11-51-201(17), C.R.S.

4. Based on this alleged conduct, the Staff alleges that Campbell engaged in, willfully violated, or willfully failed to comply with any provision of the Colorado Securities Act (the "Act") or any rule under the Act in violation of §§ 11-51-401 and 11-51-501(1), C.R.S.

## II. Stipulation

The Staff and Campbell, in order to resolve this matter without a formal hearing, hereby enter into this Stipulation for Consent Cease and Desist Order in this matter as follows:

1. The Securities Commissioner for the State of Colorado has jurisdiction over Campbell and the subject matter of this action.

2. Campbell agrees to the entry of a Consent Order in the form attached hereto as Exhibit A and incorporated by reference.

3. By entering into this Stipulation, Campbell neither admits nor denies that the Staff's allegations contained in this Stipulation are true.

4. Campbell understands that he has the following rights: (1) to have a formal hearing pursuant to §§ 11-51-606(1) and (1.5), C.R.S.; (2) to be represented by counsel in that action; (3) to present a defense through oral or documentary evidence; (4) to cross-examine witnesses at such hearing; (5) to findings by the Securities Commissioner as required by § 11-51-606(1.5), C.R.S; and (6) to seek judicial review of the Consent Order as provided in §§ 11-51-607 and 24-4-106, C.R.S. By entering into this Stipulation, Campbell expressly waives the rights set forth in this paragraph.

5. Campbell acknowledges that he has entered into this Stipulation voluntarily, after the opportunity to consult with counsel, and with the understanding of the legal consequences of this Stipulation and Consent Cease and Desist Order.

6. Campbell hereby waives the findings required by § 11-51-606(1.5)(d)(IV), C.R.S.; and pursuant to § 11-51-704(2), C.R.S., Campbell does not contest that the entry of this Consent Cease and Desist Order is necessary and appropriate in the public interest and is consistent with the purposes and provisions of the Act.

7. By consenting to the entry of the Consent Order, Campbell agrees not to take any action or to make, or permit to be made, any public statement denying, directly or indirectly, any Finding or Conclusion in the Consent Order or that the Order lacks a factual basis.

8. Campbell acknowledges that any violation of the Consent Order, when issued, may constitute grounds for further sanctions and formal proceedings against them for such violations.

9. This Stipulation is subject to approval by the Securities Commissioner, and shall become binding upon the parties hereto upon such approval.

**BY RESPONDENT:**

_/s/ James E. Campbell, Jr._
James E. Campbell, Jr.

Subscribed and sworn before me this 9th day of March, 2018 in the County/City of Highland Pkwy, State of Colorado by James Campbell Jr.

_/s/ Notary_
Notary Public

My Commission Expires: 1-19-19

**BY THE STAFF OF THE DIVISION OF SECURITIES:**

_/s/ David Cheval_
David Cheval
Chief Examiner

4-4-2018
Date

SHARON HUMPHRIES
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 1999...
My Commission E...

SHARON HUMPHRIES
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19994001493
My Commission Expires 01-19-2019

APPROVED AS TO FORM:

| | |
|---|---|
| JONES & KELLER PC | CYNTHIA H. COFFMAN<br>Attorney General |
| | *(signature)* |
| _____ | _____ |
| Paul Vorndran, Esq.<br>1999 Broadway<br>Suite 3150<br>Denver, CO 80202<br>pvorndran@joneskeller.com<br>Tel: (303) 573-1600<br>*Counsel for James Campbell* | Matthew J. Bouillon Mascareñas, #46684<br>Assistant Attorney General<br>Business and Licensing Section<br>1300 Broadway, 8th Floor<br>Denver, CO 80203<br>matthew.bouillon@coag.gov<br>Tel: (720) 508-6401<br>*Counsel for the Colorado<br>Division of Securities* |