**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>WOODBRIDGE GROUP OF COMPANIES,<br>LLC, *et, al*., <br><br>                  Remaining Debtors. | Case No. 17-12560 (BLS)<br><br>Chapter 11<br><br>Jointly Administered |
| MICHAEL GOLDBERG, in his capacity as<br>Liquidating Trustee of the WOODBRIDGE<br>LIQUIDATING TRUST,<br>                Plaintiff,<br>v.<br><br>JAMES E. CAMPBELL, JR. INC. (D/B/A<br>CAMPBELL FINANCIAL CORP.) and<br>JAMES E. CAMPBELL, JR.<br><br>                Defendants. | Adversary<br>Case No.: 19-50965- JKS |

**JAMES E. CAMPBELL, JR.'S REPLY IN SUPPORT OF**
**CROSS MOTION FOR SUMMARY JUDGMENT**

James E. Campbell, Jr., through undersigned counsel, hereby submits this reply in response to Plaintiff's Reply In Support of Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Reply"), and in further support of his Motion for Summary Judgment, and states as follows:

1.     Plaintiff's Reply is incorrect that Mr. Campbell exercised dominion and control over the checks that were deposited into the Corporate Defendant's account. Importantly, however, before that test is even applied, Mr. Campbell cannot be considered a transferee because he never actually received the transfers. For instance, this Court has found that the date on which a check is honored rather than the date of the delivery of the check is the date of transfer. *In re CRC Parent Corp*., 2013 Bankr. LEXIS 776, *17 (Bankr. D. Del. March 1, 2013) (crucial date for § 549

purposes is date a check is honored). Similarly, the Supreme Court has ruled in the preference context that under the Bankruptcy Code a "transfer" of a check occurs when the drawee bank honors the check, not when the payee receives the check. *Barnhill v. Johnson*, 503 U.S. 393, 396 (1992). But the Supreme Court's ruling has a broader reach. In reaching its decision in *Barnhill*, the Supreme Court reasoned that the debtor does not dispose of or part with the funds subject to the check until the creditor cashes it, because: "receipt of a check gives the recipient no right in the funds held by the bank on the drawer's account." 503 U.S. at 399; *see also id.* at 400 (further stating "[f]or purposes of payment by ordinary check, therefore, a 'transfer' as defined by § 101(54) occurs on the date of honor, and not before."); *In re Todd,* 359 B.R. 863, 866 (N.D. Oh. 2007) ("the 'date of honor' rule controls when determining the timing of "transfers" by check under 11 U.S.C. § 101(54)") Consequently, an ordinary check does not transfer property of the estate, or to a transferee, until the check is honored.

2.      Applying the date of honor doctrine, Mr. Campbell never received the transfers at all, as the few checks that were made payable to him were honored by the bank for the Corporate Defendant's account. In adopting the "date of honor" rule in the context of Section 549(a), the Sixth Circuit reasoned, the date of receipt rule leaves too much room for manipulation by the parties to the transaction. *In re Oakwood Markets, Inc.*, 203 F.3d at 409 (6th Cir. 2000). That reasoning applies here. There is no room for interpretation that Mr. Campbell never received the transfers (of checks made payable to him) when they were deposited in the Corporate Defendant's account and honored by the bank.

3.      Even if the Court determines that Mr. Campbell received certain of the transfers due to the fact that his name was listed as the payee on a limited number of the checks, Mr.

Campbell was not a transferee, but a mere conduit. If Mr. Campbell did not have "dominion and control over the transferred funds" he cannot be considered a transferee under § 550. *See Bonded Fin. Servs., Inc. v. European American Bank*, 838 F.2d 890, 893 (7th Cir.1988). This Court has adopted the "dominion and control" test for whether a party is a transferee within the meaning of § 550. *In re Mervyn's Holdings*, 426 B.R. 96, 103 (Bankr. D. Del. 2010). This requirement has created the "mere conduit" defense "for parties who act as a mere conduit in receiving a transfer solely for another and not for their own benefit." *Argus Mgmt. Grp. v. GAB Robins, Inc. (In re CVEO Corp.)*, 327 B.R. 210, 216 (Bankr. D. Del. 2005). In *Bonded*, the Seventh Circuit stated that "the minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes." *Bonded*, 838 F.2d at 893 (emphasis added). Where one party is acting as an agent on behalf of another, the analysis does not change: "When A gives a check to B as agent for C, then C is the 'initial transferee'; the agent may be disregarded" as the agent does not have control over the funds. *Id*.

4.      Here, Mr. Campbell was not capable of using the funds for whatever purpose he wished. He was an agent and fiduciary of the Corporate Defendant, Mr. Campbell was obligated to deposit the funds to the intended transferee, the Corporate Defendant.

5.      Moreover, it is important to clarify that only seven checks, a small fraction of the transfers alleged in the Complaint, were made payable Mr. Campbell. This fact confines and limits the dispute at issue.  For instance, Plaintiff's Reply incorrectly states that "[i]t is uncontroverted that twenty-two checks were made payable to 'James Campbell, Jr.'" (¶ 13.) To the contrary, as evidenced in the exhibits submitted in connection with Plaintiff's Reply, just seven of the checks were (mistakenly) made out to Mr. Campbell personally. Plaintiff's Reply (¶10) also incorrectly

3

states that only a single check was made out to the Corporate Defendant. By this argument, Plaintiff attempts to equate "Campbell Financial Corp." with Mr. Campbell personally. However, the Court need only look at the caption of this proceeding to determine that the defendant James E. Campbell, Jr., Inc., i.e., the Corporate Defendant, used Campbell Financial Corp. as a "d/b/a" alias. Plaintiff's Reply inappropriately states that Campbell Financial Corp. is an alias of Mr. Campbell personally (¶14), but there is no support for this theory and is controverted by Plaintiff's own pleadings. Accordingly, all checks made to "Campbell Financial Corp." were to the Corporate Defendant, not Mr. Campbell individually. Thus, the evidence shows that all but seven checks were made payable to the Corporate Defendant. And, as evidenced by the bulk of the checks made to the Corporate Defendant, those few checks that were made out to "James Campbell" were made to him personally in error, which error Mr. Campbell promptly corrected by depositing the checks in the Corporate Defendant's account.

6.      Accordingly, the evidence shows that Mr. Campbell did not receive any of the transfers at issue in the Complaint. If he was deemed to receive them, he was a mere conduit and, as an agent for the intended beneficiary, Mr. Campbell had no right to have those checks deposited into his personal account because they were intended for the Corporate Defendant. Summary judgment therefore should be granted in favor of Mr. Campbell.

7.      Finally, Mr. Campbell and the Corporate Defendant categorically deny wrongdoing as alleged in the Complaint, in particular they deny knowing participation in any way with an illegal Ponzi scheme. Plaintiff's Reply makes repeated references to the defendants' originally filed answer. However, that pleading, filed at a time defendants did not have counsel, has been superseded and amended by Plaintiff's stipulation and agreement. Concurrently herewith,

defendants are filing the Amended Answer as agreed by Plaintiff's counsel.[1] Thus, any references to the original answer in Plaintiff's briefing should not be considered, as Plaintiff agreed that the Amended Answer is the operative pleading. Regardless, none of the statements in the original answer amount to a judicial admission, particularly not with respect to any material disputed fact.

WHEREFORE, summary judgment must be granted in favor of Mr. Campbell as to Counts I-V of the Complaint.

January 16, 2025                                    SEITZ, VAN OGTROP & GREEN, P.A.

                                                   /s/ *James S. Green, Jr.*
                                                   James S. Green, Jr. (#4406)
                                                   222 Delaware Avenue, Suite 1500
                                                   Wilmington, DE 19801
                                                   (302) 888-0600
                                                   jsgreen@svglaw.com

                                                   Counsel to Defendants

---

[1] By way of background, on August 28, 2024, defendants first sought agreement by Plaintiff to amend their answer. Plaintiff's counsel received and reviewed a draft of the amended answer and expressed a concern with just one of the paragraphs, Paragraph 13, in the draft proposed amended answer. Defendants revised Paragraph 13 addressing Plaintiff's issue and recirculated the proposed amended answer to counsel on October 1, 2024. Defendants followed up again on October 7, 2024, writing: "Following up again on the below. Okay to stipulate to the amended answer?" Plaintiff's counsel responded, clearly: "Sorry for the delay n [*sic*] responding-yes." (*See* attached Exhibit A, copy of email from J. Nolan to J. Green dated October 7, 2024.) The only difference between the amended answer as agreed to by Plaintiff and the one filed on the docket simultaneously herewith is the addition of the signature block. By counsel's oversight, the answer was not filed earlier.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2025, a true and correct copy of the foregoing was filed with the Court and served on all counsel of record in the adversary proceeding via ECF.

*/s/ James S. Green, Jr.*