# EXHIBIT A

**From:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Sent:** Monday, October 7, 2024 3:12 PM
**To:** James S Green Jr
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

James,

Sorry for the delay n responding-yes.

Jeff

**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** James S Green Jr <jsgreen@svglaw.com>
**Sent:** Monday, October 7, 2024 12:00 PM
**To:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** FW: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Hi Jeff. Following up again on the below. Okay to stipulate to the amended answer?

Thanks,
- Jim

**From:** James S Green Jr
**Sent:** Tuesday, October 1, 2024 12:33 PM
**To:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Hi Jeff,
Trying to connect again on this matter.  I know we have discovery issues on the table, but I'm also following up on whether you can stipulate to the filing of an amended answer, particularly as the original answer was filed pro se on behalf of the Campbell, Jr., Inc.

On our short call, you mentioned that one concern you had was with the proposed amended response to Paragraph 13, which denied Campbell, Jr., Inc. was a Colorado corporation. I've discussed that with my co-

1

counsel and client and have further revised to admit that it is a Colorado corporation. Please see attached. Will you stipulate that we may file the attached? I can draft a stipulation for your review.

Thanks,
- Jim

James S. Green Jr.
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
office: (302) 888-7607
cell: (302) 897-1674
jsgreen@svglaw.com
www.svglaw.com

**From:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Sent:** Wednesday, September 4, 2024 5:21 PM
**To:** James S Green Jr <jsgreen@svglaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

You can try me tomorrow-if I get coverage I will pick up.  Cell # is 310-990-4548

**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** James S Green Jr <jsgreen@svglaw.com>
**Sent:** Wednesday, September 4, 2024 11:20 PM
**To:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Sorry, I can't make 5:30 Eastern. Tomorrow or Friday work, most times.
- Jim

**From:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Sent:** Wednesday, September 4, 2024 5:18 PM
**To:** James S Green Jr <jsgreen@svglaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

James,

I can try you in 15 mins if that works.  Send me a convenient # to contact.

**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

---

**From:** James S Green Jr <jsgreen@svglaw.com>
**Sent:** Wednesday, September 4, 2024 11:16 PM
**To:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Hi Jeff,
I just called your office but did not leave a message. Can we try to schedule something for Friday?

Thanks,
- Jim

---

**From:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Sent:** Wednesday, September 4, 2024 4:30 PM
**To:** James S Green Jr <jsgreen@svglaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

James,

I can talk anytime in the next two hours.  As far as tomorrow, I am in a car so it will depend on cell coverage.

**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

3

**From:** James S Green Jr <jsgreen@svglaw.com>
**Sent:** Wednesday, September 4, 2024 10:18 PM
**To:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Hi Jeff,
Understood. Thanks for forwarding. Do you have time tomorrow? Can we schedule a call? How about 1:00
Eastern?
Thanks,
- Jim

**From:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Sent:** Wednesday, September 4, 2024 4:33 AM
**To:** James S Green Jr <jsgreen@svglaw.com>
**Subject:** FW: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Jim,

I am travelling so apologize that it has been hard to touch base. I can talk to you today in the afternoon EST. If I can do
it earlier, I will respond as it will be incumbent on cell coverage.

Attached below is my email to your client from the end of August. There were two meet and confer letters that
preceded it.


**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** Jeffrey P. Nolan
**Sent:** Tuesday, August 20, 2024 12:10 AM
**To:** James Campbell <james@campbellfin.com>
**Cc:** Colin R. Robinson <crobinson@pszjlaw.com>
**Subject:** RE: Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Mr. Campbell,

There are two defendants in the litigation: James Campbell, an individual and James E. Campbell, Jr, Inc., d/b/a Campbell
Financial Corp. The written discovery was served by the Trustee on each defendant. That is why we are looking for
responses from each defendant. Does that make sense? Under the eyes of the law, a corporation is a unique and self-

4

contained entity.  A corporation must be represented by an attorney.  The response of the corporation may be different from an individual who set up the corporation. I would suggest you talk to your lawyer who you indicated was advising you.

As to the written responses to request for admissions from the corporate defendant, I am not pleased or displeased with the extent of the responses.  Whatever the responses are, they must conform with the Federal Rule of Civil Procedure which is the statute that governs the responses.   The amended responses should be in the form of the original responses, state the question, the party's response and signed by the responding party.   I am pleased to discuss, or I would suggest you talk to your lawyer who you indicated was advising you.

With respect to the Request to Produce, I asked you for the written responses to the Request to Produce.   Rule 34 sets forth that the party to whom the request is directed is to respond in writing within 30 days.   I am pleased to discuss, or I would suggest you talk to your lawyer who you indicated was advising you.

I do not know what you are talking about with, "taking you up on your offer".  I have resolved a great many of these cases, gone to mediation with you, and have had no success in working out amicable terms.


**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco


**From:** James Campbell <james@campbellfin.com>
**Sent:** Tuesday, August 6, 2024 1:33 PM
**To:** Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Cc:** Colin R. Robinson <crobinson@pszjlaw.com>
**Subject:** Defendant's response RE: Case No. 19-50965 Woodbridge vs Campbell

Mr. Nolan,

Please do me the courtesy of acknowledging you received this email plus attachment. Thank you.

I am attaching simplified responses to plaintiff's request for admissions that you objected to.

I am a little confused by your letters. You indicate that my responses were only from my corporation, however, all your Requests are to me personally and not corporately. Since my personal body of knowledge cannot be different from my corporation's body of knowledge, if you send those questions to my corporation, the answers must be the same. I would answer the corporate requests from the same body of knowledge that I would answer personally. All of my actions were on behalf of the corporation as President. So, to keep this informal, would you accept the following statement as sufficient: All answers to your Requests are from both me and my corporation.

I understand you were not pleased with my extensive answers to Request for Admissions so I have attached what I believe you want.

Regarding Production of Documents, what are you asking for? I have sent you hard copies of everything I have in the best order I am able given the state of my files after many years and several moves. Are you asking for something else?

According to Rule 34, I can allow you to inspect all of my files on my premises. Though, to me, my offer to allow you to audit me included inspecting all of my files, I realize I did not expressly state that, so now I am. You are welcome to personally visit my home and office and search to your heart's content.

You stated that you did not receive written response for your request for production of documents. Please clarify because I have no idea what you mean since I sent you hard copies of everything you asked for.

The second paragraph of II. Plaintiff's Request for Production of Documents says, "While I appreciate the Defendant has produced documents, there categories of documents provided should be identified in the written responses." I assume you intended to say something between the words there and categories but I have no idea what.

I have given you everything I have in the best order I am able. I didn't collate my documents to correspond to your request because (1) I didn't understand that is what you wanted. I just sent every document that I thought pertained to anything you wanted and sometimes there was a lot of overlap. (2) After many years, many moves of documents from one box to another and from one storage unit to another, with various attempts to find things, most of my records are no longer organized to be of use to me. That I might have had to relate what I have to a specific request for production was not something I ever considered. I am not an attorney. I just wanted to make sure that you had everything I have that you might want.

So now, the only thing I can offer is for you to come to my house and go through my records. And given that I know my financial situation, if I was you I would take me up on the offer. I would want to know everything I can to make sure that Michael Goldberg or whoever audits him is not going to find out you had the opportunity to confirm there has never been enough here to be worth paying you what you are going to charge him.

Pages one and two of the simplified responses contain a portion of the Woodbridge journal you sent me. Page three is the portion of that portion of the journal for which I still have some notes and corresponding documents. I have annotated those sections with the information that is available.

James Campbell