# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>      Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES E. CAMPBELL, JR., INC., d/b/a CAMPBELL FINANCIAL CORP., and JAMES E. CAMPBELL, JR.,<br><br>      Defendants. | Adversary Proceeding<br>No. 19-50965 (JKS)<br><br>**D.I. 80** |

## MOTION FOR LEAVE TO FILE SUR-REPLY
## IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND
## IN RESPONSE TO REPLY IN SUPPORT OF CROSS-MOTION

    Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust ("Plaintiff" or the "Liquidating Trustee"), by its undersigned counsel, hereby moves (the "Motion") pursuant to Rule 7007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for leave to file a sur-reply (the "Sur-Reply") in further support of *Plaintiff's Motion for Partial*

---

[1]   The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

*Summary Judgment* (the "Motion") [Adv. D.I. 72] and in response to Defendant, James E. Campbell, Jr., Inc. d/b/a Campbell Financial Corp., and James E. Campbell, Jr. (together, "Defendants") *Reply in Support of Cross-Motion* [Adv. D.I 80]. A copy of the Sur-Reply is attached hereto as Exhibit A. In support of this Motion, the Plaintiff respectfully states as follows:

### Background

1. On October 31, 2024, the Trustee filed Plaintiff's Motion For Partial Summary Judgment. (Adv. D.I. 77) (the "Trustee's Motion).

2. On December 20, 2024, Defendants submitted an Opposition to the Trustee's Motion (the "Opposition"). (Adv. D.I. 77) The Opposition was also labelled a "Cross-Motion of James E. Campbell".

3. On January 3, 2025, the Trustee filed his Reply in Support of the Trustee's Motion (the "Reply"). (Adv. D.I. 78).

4. On January 16, 2025, Defendant James Campbell submitted a Reply in Support of James Campbell, Jr.'s Cross-Motion (the "Campbell Reply") which responded to the Trustee's Reply and included new arguments not made in his Opposition/Cross-Motion, namely: (a) the Date of Honor Doctrine controls, (b) an unpled affirmative defense exists to create a material issue of fact to deny the Trustee's motion for summary judgment, and (c) Defendants are not bound by the admissions in their Answer to the Complaint filed on January 10, 2020. (Adv. D.I. 4). Contemporaneously, Defendants filed an *Amended Answer* (Adv. D.I. 81).

**Relief Requested**

5. The Plaintiff seeks leave to file the Sur-Reply attached hereto as Exhibit A.

6. Rule 7007-1(a) of the Local Rules provides for an opening brief, an answering brief, and a reply brief, and Rule 7007-1(b) provides that "[n]o additional briefs, affidavits or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court . . . ." Del. Bankr. L.R. 7007-1.

7. The Plaintiff submits that the Campbell Reply included new arguments not made in his Opposition/Cross-Motion, namely: (a) the Date of Honor Doctrine controls, (b) an unpled affirmative defense exists to create a material issue of fact to deny the Trustee's motion for summary judgment, and (c) Defendants are not bound by the admissions in their Answer to the Complaint filed on January 10, 2020. Additionally, Defendants, without leave of the Court, filed the *Amended Answer*.

8. The Plaintiff submits this request to file a Sur-Reply to respond to the new arguments asserted by the Defendants in the Campbell Reply. The Plaintiff respectfully submits that consideration of the Sur-Reply will assist the Court in its analysis of the Trustee Motion, the Opposition, the Reply and the Campbell Reply.

9. At the time of the filing of the Motion, the Defendants had not responded to the Plaintiff's request to consent the filing of the Sur-Reply.

**Conclusion**

WHEREFORE, the Plaintiff respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, permitting the Plaintiff to file the Sur-Reply and granting such other and further relief as the Court deems proper.

Dated: January 23, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Jeffrey Nolan (CA Bar No. 158923) (pro hac vice)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: jnolan@pszjlaw.com
       crobinson@pszjlaw.com

*Counsel for Plaintiff*

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>                Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>                Plaintiff,<br><br>                v.<br><br>JAMES E. CAMPBELL, JR., INC., d/b/a CAMPBELL FINANCIAL CORP., and JAMES E. CAMPBELL, JR.,<br><br>                Defendants. | Adversary Proceeding<br>No. 19-50965 (JKS)<br><br>**Re: D.I. 80** |

## PLAINTIFF'S SUR- REPLY IN RESPONSE TO REPLY OF JAMES CAMPBELL JR.

Jeffrey P. Nolan (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100

*Counsel for Plaintiff*

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

4915-6614-7346.4 94811.003

1. This adversary action was filed on November 27, 2019, and has been pending for over 5 years. On August 20, 2024, following the close of discovery, the Trustee appeared before this Court at the omnibus status conference to update the Court as to the resolution of approximately 300 adversaries and his intent to file motions for summary judgment as to the remaining unresolved adversaries. (D.I. 4919-1) In the following months, the Trustee filed numerous motions for summary judgment for matters that could not be resolved consensually.

2. As in this case, the facts at issue were uncontroverted: a Ponzi Scheme was in existence as established by numerous court findings, Defendants, James Campbell Jr., an individual, and his individually incorporated entity, Defendant James Campbell Jr. Inc., admitted to participating in the Ponzi Scheme by actively selling unlicensed Notes, expressly forbidden for sale by state regulators, and as an unlicensed broker.

3. On October 31, 2024, the Trustee filed Plaintiff's Motion For Partial Summary Judgment. (Adv. D.I. 77) (the "Trustee's Motion).

4. On December 20, 2024, Defendants submitted an Opposition to the Trustee's Motion. (Adv. D.I. 77) The Opposition was also labelled a "Cross-Motion of James E. Campbell", which included no points and authorities and consisted of three sentences. The Cross-Motion did not dispute liability.

5. On January 3, 2025, the Trustee filed his Reply in Support of the Trustee's Motion. (Adv. D.I. 78).

6. On January 16, 2025, Defendant James Campbell submitted a Reply in Support of James Campbell, Jr.'s Cross-Motion (the "Campbell Reply") which responded to the Trustee's Reply and included new arguments not made in his Opposition/Cross-Motion, namely: (a) the Date of Honor Doctrine controls, (b) an unpled affirmative defense exists to create a material issue of fact to deny the Trustee's motion for summary judgment, and (c) Defendants are not bound by the admissions in their Answer to the Complaint filed on January 10, 2020. (Adv. D.I. 4) Sua sponte, the Campbell Reply advised that Defendants would file a new Answer to the Complaint such that retroactively, Defendants could not be bound by their judicial admissions and the Trustee's Motion properly denied.

7. The Campbell Reply does not set forth "good cause" to amend the pleadings retroactively and deny the Trustee's Motion, or to delay this matter. The victims of Defendants have waited half a decade to recover what remains of their principal investment secreted to brokers in the form of commission payments for recruiting victims to a Ponzi scheme. Even after retaining new counsel in August 2024, Defendants delayed and did nothing. The Campbell Reply is in essence a Sur-Reply to the Trustee's Motion.

A. **The Campbell Reply Conflates The Issue Of Liability For An Avoided Transfer Under 11 U.S.C. §550, With The "Date Of The Honor Doctrine" Which Has No Application Since Defendants Admit The Commission Checks Are "Property Of The Estate".**

8. The Campbell Reply asserts that the "date of honor doctrine" determining what is prepetition verses postpetition property of the estate as established in *Barnhill v. Johnson*,[1] *supra*, *In re Todd*, 359 B.R. 863 (Bankr. (N.D. Ohio 2007) and *AP Servs., LLC v.*

---

[1] 503 U.S. 393 (1992)

*Bellco Drug Corp.* (*In re CRC Parent Corp.*), 2013 Bankr. LEXIS 776, (Bankr. Del. 2013) controls the issue of liability between James Campbell, an individual, and James Campbell Jr., Inc. in the present case. (Campbell Reply, Dkt No. 80, ¶¶1, 2) It does not.

9. There is no issue in the present case that the brokerage commission checks issued by the Debtor to Defendants are "property of the estate". Defendants admit in the Opposition that each of the transfers were received in the four year period subject to the fraudulent conveyance laws. (See Decl. of James Campbell, Dkt No. 77-1, ¶6, "each of the transfers were received and deposited…"). As such, legal authorities cited in the Campbell Reply debating what is, and is not, property of the estate, is misplaced. Case law is clear that in the context of a fraudulent conveyance case, once a determination of liability has been established as to the Trustee's Motion For Summary Judgment (as established in the present case with the existence of the Ponzi Scheme and Defendants' participation in it), the issue of liability for the fraudulent conveyance pivots to an analysis of 11 U.S.C. §550. After demonstrating the right to recover fraudulent conveyances under section 544(b), a trustee must then establish the amount of recovery under section 550(a) of the Bankruptcy Code, which provides that, "to the extent that a transfer is avoided under section 544 . . ., the trustee may recover, for the benefit of the estate, the property transferred." 11 U.S.C. § 550(a). Section 550(a) is intended to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred. *Pritchard v. Brown (In re Brown)*, 118 Bankr. 57, 60 (Bankr. N.D. Tex. 1990) *See Brun v. Madray (In re Brun)*, 360 B.R. 669, 675 (Bankr. C.D. Cal. 2007) (Stating that, as noted by *Collier*, the well-

established purpose of § 550 is to restore the estate to the position it would have occupied had the property not been transferred. *See,* 6 Collier on Bankruptcy, *supra*, P 550.02 [3].

        10.     Pursuant to 11 U.S.C. 550(a), to the extent the transfer is avoided, the trustee may recover from the initial transferee or the entity for whose benefit such transfer was made or any immediate or mediate transferee of such transferee. 11 U.S.C. §550(a), (1), (2). Under this section of the Bankruptcy Code, the trustee can recover from both the initial transferee and any secondary transferee, as well as from any entity for whose benefit the initial transfer was made. 11 U.S.C.A. § 550. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707 (D.N.J. 2013). To qualify as "transferee," and be liable on an avoided transfer, the party receiving the transferred money or other asset must have dominion over this money or other asset and the right to put it to his or her own purposes. Defendant Campbell, an individual, claims he does not have "dominion" over checks made out to him personally, since where he deposits the checks is the legal test. No authorities are cited for the proposition. The argument misses the mark as James Campbell admits he was actively involved selling the paper and he had the legal right to compromise the checks made out to him individually, and certainly "the right to put it to his or her own purposes", wherever he choose to deposit the checks. Under California law, dominion, or the legal right to use the funds, determines Mr. Campbell liability as an initial transferee, at least as to the 21 checks made out to him individually. [2]

---

[2] The Campbell Reply claims, without support, that only seven (7) checks were made payable to Mr. Campbell individually. (Campbell Reply, ¶5) Argument of counsel are not facts. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992) (explaining that statements of counsel, which "are not summary judgment evidence," cannot create an evidentiary dispute) The check copies attached to the Second Dec. of Troszak, Tabs 1-20; and 23; 21 checks are made payable to Mr. Campbell individually.

11. The rationale behind the promulgation of section 550 distinguishing between "initial" and "subsequent" transferees also supports finding Mr. Campbell, an individual, liable for the checks made out to him individually. An initial transferee is exposed to stricter liability than a subsequent transferee because an initial transferee is in the best position to evaluate whether the conveyance is fraudulent. See *Bonded Fin. Servs.*, 838 F.2d at 892-93. Where a transferee such as Mr. Campbell receives funds directly from a debtor, the transferee's capacity to monitor - and, accordingly, its burden to monitor - is at its greatest.

12. In its most recent statement on the issue, the Ninth Circuit Court of Appeals echoed these considerations when interpreting section 550. See *Mano-Y&M, Ltd. v. Field* (*In re The Mortgage Store*), 773 F.3d 990 (9th Cir. 2014). In *In re The Mortgage Store*, the Ninth Circuit noted that "[i]n virtually every case involving a bankrupt entity, a third party will be injured because the debtor's obligations to creditors, by definition, outstrip its assets." *Id.* at 997. The "injury must fall on either the transferee of the conveyance or the debtor's creditors." *Id.* A court's aim in these cases "must be to allocate risk such that the parties tending to have the lowest monitoring costs bear the costs of a debtor's failings." *Id.* (citing *Bonded Fin. Servs.*, 838 F.2d at 892-93). Congress determined that initial transferees have the lowest monitoring costs, and it therefore placed the risk of fraudulent conveyances on them rather than creditors. *Id.*

13. Independent of the issue of a "transferee" under section 550, the Trustee's Motion established from the binding admissions of Mr. Campbell in the Answer to the Complaint (Adv. D.I. 4), that Mr. Campbell engaged and benefitted from the receipt of the commission checks. The Campbell Reply ignores the fact that both Defendants have liability, not

one or the other. The Answer as written in the first person by Mr. Campbell made numerous statements such as (1) "It became apparent to me someone in government did not like a small guy taking advantage of a gap in their regulations,…"(Adv. D.I. 4, pg 5, ¶15) (2) "Therefore, there was no intent to defraud any creditors by paying commissions to me" (Id, pg 12, Summary, ¶2) , (3) "Though statements made by me and my firm may not have been true, they were not lies but information I was told by Woodbridge representatives" (Id, §18); (4) "Both I and my clients, to the best of my knowledge, received all payments due until the petition stopped the payments.". (Id, pg 12, Summary, ¶2)

B.  **Defendants Attempt To Conceal Their Admissions in the Answer to the Complaint And File A New Answer As Attached To The Campbell Reply Is Telling.**

10. On October 31, 2024, the Trustee filed his Motion For Partial Summary Judgment. (Adv. D.I. 72). The Motion referenced the Defendants' Answer filed in 2020 (Motion, ¶4, pg. 2), as well as the failure of Defendants to establish a defense. (Motion, pg. 22) Yet, 135 days after the status conference, 60 days after the Trustee's filing his Motion, and after the closing of briefing, Defendants seek to file a new Answer to the Complaint so they can attempt to create an issue of fact to deny the Trustee's Motion. The request is defective.

11. Statements made in an answer to a complaint "are considered judicial admissions conclusively binding on the party who made them." Sikirica v. Wettach (In re Wettach), 811 F. 3d 99, 109(3rd Cir. 2016) citing to *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S. Ct. 1184, 1197 n.6, 185 L. Ed. 2d 308 (2013) (quoting *Am. Title Ins. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). Mr. Campbell's admissions stated in his Answer in 2020, left no dispute as to his personal involvement in the Ponzi scheme as he admitted to taking advantage

of a loophole in the securities laws, admitted the Woodbridge Notes were subject to regulation by the Division of Securities in Colorado, and were in fact not registered. (See Reply, Adv. D.I. 78, ¶6) Mr. Campbell admitted "he gladly took the commissions but do (sic) not remember what gift-client it was from". (Reply, Adv. 78, ¶12) Mr. Campbell, individually, not the corporation, was prosecuted by the Division of Securities in Colorado for his involvement. (Id, ¶15) Since it is hornbook law that these admissions are binding on Mr. Campbell and the Defendants, no issue of fact remained for trial as to his involvement, benefit and participation in the Ponzi Scheme under 11 U.S.C. §550. (*Id.*, ¶6).

    12. After five years, the effort to restate the facts to deny summary judgment and prolong the litigation to deny victims, in most cases elderly retirees, as to what remains of their principal investment should not be well received. The Trustee made clear his intention to file summary judgment motions and bring all remaining unsettled matters to conclusion. Defendants took no action and simply waited for the Trustee to file his Motion. See *Luciani v. City of Philadelphia*, 2012 U.S. Dist. LEXIS 102460, *11-12 (Dist. E.D. Pa. 2012) ("denial of motion for leave to amend where filed after the close of discovery and one month before the deadline for dispositive motions. Requests to allow amendment of a complaint after the close of discovery or at the summary judgment stage are often denied on the basis of undue delay. See, e.g., *In re Madera*, 586 F.3d 228, 234 (3d Cir. 2009) (finding motion to amend "untimely" where the party waited until its adversary's motion for summary judgment to seek leave to amend and the proposed claims [we]re not based on evidence that came to light after discovery"); *Frasier v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (finding that the District Court acted

within its discretion in denying leave to amend where plaintiff sought to amend his complaint "at the eleventh hour," i.e. the day before his opposition to summary judgment was due). The explanation offered in the Campbell Reply is not that new evidence came to light.

13. Defendants also seek to assert an unpled affirmative defense after the close of discovery and briefing of Plaintiff's Motion. The request is procedurally improper and prejudicial. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure (made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7008(a)) affirmative defenses not pled are waived. See *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986) See, *Albee Homes Inc. v. Lutman*, 406 F.2d 11, 13 (3d Cir. 1969) (noting that failure to plead an affirmative defense results in a waiver of that defense unless the party is allowed to amend its pleading). No explanation is provided in support of amending the answer and the delay by Defendants is unwarranted.

## **CONCLUSION.**

The Campbell Reply makes new arguments outside the moving papers, proposes new pleadings with unpled defenses, and seeks to unwind judicial admissions the Defendants stood by for 5 years.

Dated: January 23, 2025  **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Colin R. Robinson*
Jeffrey Nolan (CA Bar No. 158923) (pro hac vice)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100/Facsimile: (302) 652-4400
Email: jnolan@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel for Plaintiff*

# EXHIBIT B

DE:4865-4588-7118.2 73864.001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, | |
| Plaintiff, | Adversary Proceeding No. 19-50965 (JKS) |
| v. | |
| JAMES E. CAMPBELL, JR., INC., d/b/a CAMPBELL FINANCIAL CORP., and JAMES E. CAMPBELL, JR., | |
| Defendants. | |

## ORDER GRANTING MOTION FOR LEAVE TO FILE SUR-REPLY

Upon consideration of the *Motion for Leave to File Reply Sur-Reply in Further Support of Motion for Partial Summary Judgment and in Response to Reply in Support of Cross-Motion* (the "Motion for Leave"), filed by the above-captioned plaintiff (the "Plaintiff"), it is hereby ORDERED that:

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

1. The Motion for Leave is granted.

2. The Plaintiff is permitted to file the Sur-Reply, attached as <u>Exhibit A</u> to the Motion for Leave, and the Sur-Reply shall be deemed filed without any further action taken by the Plaintiff.